OKLAHOMA TIRE & SUPPLY CO.
v. EDMONSTON et al.

No. 31243.  Jan. 11, 1944.

Rehearing Denied Feb. 15, 1944.

*145 P. 2d 752.*

Samuel H. Minsky, of Tulsa, for petitioner.

Forrester Brewster, of Muskogee, for respondents.

BAYLESS, J. This is an original proceeding in this court brought to obtain a review of an award which was made by trial commissioner, and which was subsequently modified and affirmed by the State Industrial Commission, in favor of Floyd M. Edmonston, claimant, against Oklahoma Tire & Supply Company, respondent. The employer is the petitioner here. The parties will hereafter be referred to as petitioner and claimant.

On September 17, 1941, claimant filed with the State Industrial Commission employee's first notice of injury and claim for compensation for a disability alleged to have resulted from an accidental injury sustained on February 18, 1941. The petitioner denied claimant had sustained an accidental injury; denied that claimant was engaged in a hazardous employment, and pleaded failure of the claimant to give the notice of the alleged injury as required by 85 O. S. 1941 § 24 in bar of the claim.

As the result of hearings held to determine liability and extent of disability, a trial commissioner, on May 22, 1942, without making any findings upon the issue of notice, entered an award in favor of claimant for compensation for temporary total disability and permanent partial disability. On appeal the State Industrial Commission vacated the aforesaid award with directions to the trial commissioner to hear further evidence in the matter. The trial commissioner set September 24, 1942, as the date when further testimony would be heard. On the date so set the parties appeared and stated that they had no further testimony to offer in the matter. The trial commissioner thereupon, on October 2, 1942, made, inter alia, the following finding:

"2. That the respondent had actual notice of said injury within thirty days after February 23rd, 1941, and, therefore, the respondent has not been prejudiced by claimant's delay in filing his claim for compensation herein."

The trial commissioner then entered an award in favor of claimant in all respects similar to the one which had been entered on May 22, 1942. The petitioner appealed to the State Industrial Commission sitting en banc. The commission struck the above-quoted finding of fact and substituted the following finding of fact therefor:

"That the respondent was not prejudiced by reason of claimant's failure to give written notice to the respondent of said accidental injury involved herein within 30 days after said injury was sustained."

With said modification the award made by the trial commissioner October 2, 1942, was affirmed and approved as the award of the commission.

The petitioner as grounds for the vacation of said award submits the following propositions:

"1. The evidence upon the issue of notice was insufficient to excuse the failure of claimant to give the notice required by statute.

"2. There is no competent evidence to support the finding that the claimant sustained a permanent disability."

It is not contended that claimant gave notice of his alleged injury in the manner required by the provisions of 85 O. S. 1941 § 24. The only notice which claimant undertakes to establish that he gave was through conversations with his foreman and with others in a representative capacity for respondent. In this respect the employee's own testimony is not wholly satisfactory or free from contradictions. He testified on direct examination that he told the parties above mentioned of the trouble he was having with his knee, of the fact that he injured it, and other facts sufficient to bring him within the rule laid down in Norman Steam Laundry v. State Indus-

trial Commission, 160 Okla. 107, 16 P. 2d 92. On cross-examination he made some answers which standing alone would be contradictory. However, there is other evidence in the record which the commission had a right to resort to in an effort to resolve this issue, and such evidence together with his testimony is sufficient to support the findings made.

It is urged that by a proper construction of the record the claimant admitted that he never told anyone he had been hurt at the time the accident was alleged to have occurred, and further admitted that he never told his foreman that he had had an accidental injury, but from a painstaking review of the record we are convinced that such construction of the record is not justified. We allude to the evidence which shows that when claimant made complaint to this foreman, irrespective of the details given, the foreman referred him to respondent's physician for medical attention. The commission may well have thought that whatever uncertainty might exist in the testimony of the claimant with respect to the detailed information given the respondent, the respondent understood therefrom that the claimant had made statements to it sufficient to give it to understand that the Workman's Compensation Law applied. In addition to this, after claimant had been discharged by the physician and had worked some for respondent again and had again been laid off because of trouble with his knee, he testified that upon being directed to a certain representative of respondent, he applied for re-employment or reinstatement and was informed that his requests could not be granted so long as his condition continued; that he thereupon inquired whether there was unemployment or compensation insurance for his benefit, and he was advised that there was none. This took place after the expiration of the 30-day period within which written notice must be given, and also after the time respondent had furnished medical attention.

Upon consideration of all of these factors in the evidence, we are of the opinion that the record sustains the finding of the commission that respondent was not prejudiced by reason of claimant's failure to give notice in conformity with the statute, supra.

We are of the opinion that the respondent's contention that there is no competent evidence to support the finding that the claimant sustained a permanent disability is without merit. The testimony of the claimant alone is sufficient to establish that he received an accidental personal injury, although we observe that the testimony of the medical witnesses produced by respondent tends to refute this. The physician who treated claimant at request of respondent shortly after the alleged accident testified that claimant gave him no history of an accidental injury to the knee, and that he treated him for a leg condition not associated with an injury. However, claimant presented the testimony of a medical witness who had examined him on two different occasions, and we are of the opinion that the testimony given by this witness, while it is directly in conflict with a great deal of the testimony of the other medical witnesses, is sufficient to sustain the award. Respondent quotes some of the questions and answers from the testimony of this witness from which it attempts to show that the estimate of this medical witness of the extent of disability was based upon assumptions from the history given, and that the estimate of the percentage of permanent disability was thereby deprived of its probative value. However, upon consideration of the entire testimony of this witness, it appears that as soon as the answer was given an attack was made upon it by respondent and in the ensuing proceedings the witness in response to suggestions by the trial commissioner and the effort of claimant's lawyer to straighten out the matter made the unequivocal statement that eliminated the assumption based upon the history given which had rendered his previous answers subject to doubt or criticism. In considering the testimony of this witness in its entirety, we are of the opinion that it sustains the finding of permanent disability made.

The award is sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.