Suzanne REIRDON, Individually and as mother and next friend of J. Patrick Reirdon, a minor, Appellant,

v.

WILBURTON BOARD OF EDUCATION; John Shero, P. J. Smith, Jerry Linney, and Gary Boyd, Appellees.

No. 53610.

Supreme Court of Oklahoma.

April 22, 1980.

Rehearing Denied June 6, 1980.

Mary Ann Coleman, Talihina, for appellant.

Larry Lewis, Midwest City, and Wayne Russell, Wilburton, for appellees.

HODGES, Justice.

Suzanne Reirdon, individually, and as the mother and next friend of J. Patrick Reirdon, a minor, [appellant], filed suit against the Wilburton Board of Education; John Shero, P. J. Smith, Jerry Linney, and Gary Boyd, [appellees], on November 1, 1978. She alleged that Gary Boyd, intentionally and with malice, paddled her twelve year old son without moderation, using more than ordinary force, which physically injured her son.

On October 10, 1978, approximately thirty days after the injury, the mother's lawyer

mailed a letter to Gary Boyd, claiming that he had negligently administered corporal punishment to J. Patrick Reirdon; and that she intended to file suit against him and the Wilburton School Board because of her son's injuries. A copy of the letter was sent to the President of the Wilburton School Board of Education. This letter was discussed by the Board of Education. As a result, they hired an attorney. The Board failed to respond to the letter. Suit was filed on November 1, 1978, alleging the negligence of the teachers, the school system, and the Board of Education. The appellees filed a demurrer on January 30, 1979, alleging the court lacked jurisdiction because the appellant had failed to give the Wilburton School Board proper written notice, addressed to the clerk of the school board, within four months of the injury, as required by the Oklahoma Political Subdivision Tort Claims Act [Act].[1] On April 18, 1979, the District Court of Latimer County, Oklahoma, dismissed the case on the appellees' motion.

The mother contends that her cause of action should not have been dismissed because: 1) the statute favors public tortfeasors over private tortfeasors by shortening the time period in which a citizen may sue a public tortfeasor, thereby denying equal protection under the law; 2) there was substantial compliance with the statute; and 3) the appellees were estopped from invoking the notice provision of the Act.

I

■ The appellant argues that the notice provision of the Political Subdivision

Tort Claims Act, 51 O.S.Supp.1978 § 156, is unconstitutional because it is an arbitrary classification with no reasonable relationship between the class and the purpose for the notice requirement; and, therefore, denies equal protection under the law. Section 156 does result in the establishment of two different classes, governmental tortfeasors' victims vis-a-vis private tortfeasors' victims. However, absent a suspect classification, or an infringement upon a fundamental right,[2] both of which are absent here, the statute must be measured on the basis of whether it rationally furthers a legitimate state interest.[3] We find that it does. The notice provision furthers legitimate state interests by fostering a prompt investigation while the evidence is still fresh; the opportunity to repair any dangerous condition, quick and amicable settlement of meritorious claims; and preparation of fiscal planning to meet any possible liability.[4]

II

■ The mother alleges that she substantially complied with the Act, and that the Board is estopped from invoking the notice provisions. We find that there was substantial compliance with the statute concerning notice. Although a copy of the letter was not sent to the Clerk of the Board, one was sent to the President. The pending litigation was discussed in the Board meeting, and the Board and the teachers entered a general appearance. The Board argues that the letter to its president was insufficient notice because it

1. The Oklahoma Political Subdivision Tort Claims Act, 51 O.S.Supp.1978 § 156(B) provides:
"A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs."

2. See *Martin v. Harrah Independent School Dist.*, 543 P.2d 1370 (Okl.1975) aff'd. 440 U.S. 194, 99 S.Ct. 1062, 59 L.Ed.2d 248 (1979).

3. See *Fritz v. Regents of University of Colorado*, 586 P.2d 23 (Colo.1978); *Parton v. City of*

*Huntsville*, 362 So.2d 898 (Ala.1978); *Arlison v. District of Columbia*, 338 A.2d 437 (D.C.App. 1975); *San Antonio Ind. School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

4. *Antonopoulos v. Telluride*, 187 Colo. 392, 532 P.2d 346 (1975); *Cory v. Huntington Beach*, 43 Cal.App.3d 131, 117 Cal.Rptr. 475, 73 A.L.R.3d 1012 (1974); *Taylor v. Los Angeles*, 180 Cal. App.2d 255, 4 Cal.Rptr. 209 (1960); *Burroughs v. Lawrence*, 116 Kan. 573, 227 P. 328 (1924).

did not state either the relief sought or the amount of damages requested. The Act, in § 156(C), clearly provides that failure to state either the time, place, circumstances and amount of compensation or other relief demanded does not invalidate the notice unless the claimant declines or refuses to furnish such information within ninety (90) days after demand by the political subdivision.[5] The School Board did not exercise its prerogative under the statute to obtain further information from the appellant.

■ The School Board does not contend that it was deprived of an opportunity to investigate or that the district's taxpayers were prejudiced in any way by presenting notice to the President of the School Board. The object of the statute must be kept in mind, and it should not be given a construction which will defeat the ends of justice.[6] Statutory notice is intended to give the defendant notice concerning the claim of injury at an early date to enable it an opportunity to prepare a defense.

We find the mother substantially complied with the Act, and that the court erred in entering summary judgment.

REVERSED.

All the Justices concur.

5. It is provided by 51 O.S.Supp.1978 § 156(C):
   "The written notice of claim shall state the time, place and circumstances of the claim and the amount of compensation or other relief demanded. Failure to state either the time, place, circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information within ninety (90) days after demand by the political subdivision. No action for any cause arising under this act shall be maintained unless valid notice has been giv-

en and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision. The time for giving written notice of claim does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity."

6. *Vermeer v. Snellen*, 190 N.W.2d 389 (Iowa 1971).