**Dennis DUESTERHAUS and Marilyn Duesterhaus, Appellants,**

v.

**CITY OF EDMOND, A Municipal Corporation, Appellee.**

**No. 55184.**

Supreme Court of Oklahoma.

Sept. 22, 1981.

Rehearing Denied Oct. 19, 1981.

---

**4.** See footnote 1, 32 Oklahoma Law Review at pp. 19–20.

**5.** Section 832(A).

G. Timothy Armstrong, El Reno, for appellants.

Fred Orcutt, Asst. City Atty., Edmond, for appellee.

HODGES, Justice.

The dispositive issue on appeal is whether landowners who suffer loss to realty when electrical transmission lines are installed on their property by the City must give written notice of the loss within 120 days under 51 O.S.Supp.1978 § 156(B), the Political Subdivision Tort Claims Act;[1] or if actual notice to the municipal counselor constitutes substantial compliance with the Act.

Dennis and Marilyn Duesterhaus, appellants, [landowners] contend that employees of the City of Edmond, appellee, wrongfully entered upon their property and destroyed a number of trees. The City's municipal

---

1. It is provided by 51 O.S.Supp.1978 § 156(B):
 "A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs."

counselor was notified of the loss shortly after it occurred.[2] However, the landowners did not file a written notice of loss within the period required by the statute, and when the written proof was ultimately filed, it was denied because it was untimely filed. Recovery was sought in the district court which sustained the City's demurrer to the landowners' petition.

The landowners acknowledge that written notice of the claim was not filed with the City Clerk within 120 days of the loss; and that the damages resulted from the performance of a proprietary act by the City. The landowners contend that § 156(B) is applicable only to governmental functions, and does not bar claims which arise from acts performed by the City of a proprietary nature. They assert that failure to file written notice of their claim does not preclude pursuit of legal remedies against the City. In the alternative, the landowners argue that they substantially complied with the provisions of the Act.

I

 We are not persuaded by the landowners' contention that § 156(B) is not applicable to torts committed by municipalities in conducting proprietary functions. The cases relied on by appellants were promulgated prior to the 1978 enactment of the Political Subdivision Tort Claims ACt.[3] It is provided by 51 O.S.Supp.1978 § 166 that:

"The distinction existing between governmental functions and proprietary functions of political subdivisions shall not be affected by the provisions of this act; however the provisions of this act

shall apply to both governmental and proprietary functions."

The statute is clear and unambiguous, and there is no room for construction or provision for further inquiry when the Legislature plainly expresses its intent.[4] The procedural provisions of the Act are applicable to governmental and proprietary actions of municipalities.

The landowners also cite 11 O.S.Supp. 1978 § 17–103[5] in support of their allegation that § 156(B) is applicable only to governmental functions. We find that § 17–103 is inapplicable because § 156(B) is specific and controlling.

II

 The landowners argue that they substantially complied with § 156(B) because they verbally notified the city attorney of their claim, and negotiated with the attorney concerning settlement. We agree. In *Reirdon v. Wilburton Board of Education*, 611 P.2d 239 (Okl.1980) this Court acknowledged that substantial compliance is permissible under § 156(B).

We find that this case is analogous to Workers' Compensation cases where written notice is excused because actual notice has been imparted to an agent or representative of the employer. Generally, the employer is charged with the knowledge of his supervisory employees. Actual notice to a superintendent, foreman, or manager will excuse the failure to give timely formal notice where the employer has not been prejudiced.[6]

2. A separate suit is pending against the counselor for fraudulent misrepresentation and it is not a part of this appeal.

3. See *City of Oklahoma City v. Moore*, 491 P.2d 273 (Okl.1971).

4. *Julien v. Gardner*, 628 P.2d 1165 (Okl.1981).

5. It is provided by 11 O.S.Supp.1978 § 17–103: "No costs may be recovered against a municipality, in any action brought against it, for any unliquidated claim which has not been presented to the governing body for auditing, nor for claims allowed in part unless the recovery shall

be for a greater sum than the amount allowed with the interest due. No action may be maintained against a municipality in exercising or failing to exercise any corporate power or authority where such action would not lie against a private individual under like circumstances."

6. *Oklahoma Tire & Supply Co. v. Edmonston*, 193 Okl. 601, 145 P.2d 752 (1944); *Jewell v. Jones*, 189 Okl. 290, 116 P.2d 698 (1941); *Gulf Corp. v. Garrison*, 183 Okl. 631, 84 P.2d 12 (1938).

The purposes of the notice provisions of the Act are to further legitimate municipal interests by promoting prompt investigation; providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims; and to prepare to meet possible fiscal liabilities.[7]

Two of the purposes of the notice provisions of the Act are to afford the City the opportunity to promptly investigate and quickly settle meritorious claims. We fail to see how the City could have suffered any prejudice when the municipal counselor was actually engaged in settlement negotiations, and the claim was under investigation. Although notice to the municipal counselor is an unauthorized procedure outside the purview of the Act, in this instance we find that the notice was sufficient to constitute substantial compliance.

REVERSED.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

---

**7.** *Reirdon v. Wilburton Board of Education,* 611 P.2d 239, 240 (Okl.1980).