Doshia Lou GRAVES, Appellant,

v.

Willard ROSE, Independent School District No. 80, McAlester, Oklahoma; and State Farm Mutual Automobile Insurance Company, Appellees.

No. 57771.

Supreme Court of Oklahoma.

May 10, 1983.

Charles V. Foor, McAlester, for appellant.

Best, Sharp, Thomas, Glass & Atkinson, Joseph A. Sharp, Gregory D. Nellis, Tulsa, for appellees.

HARGRAVE, Justice.

This proceeding presents a summary judgment in favor of Willard Rose and Independent School District Number 80, McAlester, Oklahoma, for review on appeal. The summary judgment was made in re-

sponse to the petition of Doshia Lou Graves alleging personal injuries and damage resulting from a collision between Ms. Graves' automobile and a school bus of the District, driven at the time by an employee, Willard Rose. The basis for the motion for summary judgment is failure to comply with notice provisions of the Oklahoma Political Subdivision Tort Claims Act, 51 O.S.Supp.1978 §§ 151–170.

Appellant presents two points of error in her brief, arguing that summary judgment for defendant is incorrect because the Political Subdivision Tort Claims Act is not intended to apply to vehicles traveling on public roadways. Additionally, appellant proposes the court erred in strictly construing the Political Subdivision Tort Claims Act. It is asserted the Act was not intended to change the standard tort statute of limitations providing two years to bring an action. Interspersed in these two points is appellant's contention that the police report of the accident then required by 47 O.S. 1971 § 10–108 (since amended) should stand as notice of suit by the injured party to the political subdivision.

51 O.S.1981 § 156 contains the limitation of actions provisions of the Act. Sub-section B of § 156 states:

. "A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs."

Sub-section C of § 156 states in part:

". . . No action for any cause arising under this Act shall be maintained unless valid notice has been given and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision. The time for giving written notice of claim does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity."

In this proceeding, notice was made by filing suit one year and eleven months after date of injury. Such a time frame is outside the outer limits of § 156 B and C. Additionally, the "notice by suit" alleged here also contravenes the last sentence of § 157 of the Act, which states:

". . . A person may not initiate a suit against a political subdivision or employee whose conduct gave rise to the claim unless the claim has been denied in whole or part . . ."

▪ In the recent case of *Duesterhaus v. City of Edmond*, 634 P.2d 720 (Okl.1981), this Court considered notice sufficient to comply with the Tort Claims Act. There it was conceded that the notice provisions can be satisfied absent strict compliance with the notice provisions of the Act, where the governing body has not been prejudiced. In *Duesterhaus*, the Court stated:

"Generally, the employer is charged with the knowledge of his supervisory employees. Actual notice to a superintendent, foreman, or manager will excuse the failure to give timely formal notice where the employer has not been prejudiced."

Notice was approved in *Duesterhaus* on the basis that the municipal counsellor had been notified of the claim and had engaged in settlement negotiations with the plaintiff. In the cause now before the Court, there was no actual notice made for one month short of two years. The defendant Rose was not a supervisor or manager but a bus driver. The fact that an accident report was sent to the appropriate state agency does not establish actual notice, nor does the fact the investigating patrolman had knowledge impart actual notice. As stated in *Duesterhaus* and *Reirdon v. Wilburton Bd. of Education*, 611 P.2d 239 (Okl.1980), the purposes of the notice provisions are to further legitimate municipal interests by promoting prompt investigation; provide the opportunity to repair any dangerous condition; for speedy and amicable settlement of meritorious claims and to prepare to meet fiscal liabilities. In this cause, there has not been substantial compliance with the notice provision. In this regard, notice of a claim for relief must be distinguished from notice of a traffic collision (or

other tort). There is no showing made of actual knowledge to a managerial party of the *claim* asserted here, and the lapse of nearly two years prior to notice prejudiced the School District's interest in prompt investigation while the evidence was fresh. *Reirdon, supra.* The absence of actual *notice of claim* combined with the 23-month delay in notice also establishes that the provisions of 51 O.S.1981 § 156(C) providing for suit within six months of denial of the claim, were not complied with, in addition to the notice provision of § 156(B).

Plaintiff also contends that the Political Subdivision Tort Claims Act, *supra,* does not apply to torts arising out of the course of travel on streets and roads of the state, contending the general two-year tort limitation should apply. This Court has previously noted that the limitations provided in the Act control over general statutory law of the state in *Shawna Gay Johns v. Wynnewood School Board of Education,* 656 P.2d 248, where it was stated:

> "This Court finds no basis for implying that exception in the face of legislative silence in the area in view of the fact that 51 O.S. 1981 § 170 states: 'This act is exclusive and supersedes all home rule charter provisions and special laws on the same subject heretofore, and all acts or parts of acts in conflict herewith are repealed.'"

Such a conclusion is cemented by the fact that the Act provides a list of twenty separate exceptions in 51 O.S.1981 § 155. The eighth exception includes snow or ice conditions or temporary or natural conditions on any public way or public place due to weather conditions. To exclude all vehicular torts would render this section meaningless.

The summary judgment's ruling in favor of the defendants Rose and Independent School District No. 80, McAlester, Oklahoma, is affirmed.

AFFIRMED.

All Justices concur.