**Kelly Joe MAXWELL, a minor through his parents and next friends Melvin Maxwell and Gloretta Maxwell, and Melvin Maxwell and Gloretta Maxwell, individually, Appellants,**

v.

**INDEPENDENT SCHOOL DISTRICT NUMBER THIRTY–TWO OF OKFUSKEE COUNTY, and David Bosler, Appellees.**

**No. 58569.**

Court of Appeals of Oklahoma, Division No. 1.

July 19, 1983.

Rehearing Denied Sept. 20, 1983.

Certiorari Denied Dec. 6, 1983.

Released for Publication by Order of the Court of Appeals Dec. 9, 1983.

Ash, Crews & Reid, David P. Reid, Okmulgee, for appellants.

Fenton, Fenton, Smith, Reneau & Moon by Tom E. Mullen, Oklahoma City, Tolle, Parish & Johnson by Glen D. Johnson, Jr., Okemah, for appellees.

ROBINSON, Judge:

Appellants filed suit on October 15, 1981, against the Appellees, alleging that in early

March, 1981, Appellant Kelly Joe Maxwell suffered injuries to both knees when Appellee David Bosler, a teacher at Graham School, negligently overturned a desk which struck the minor Appellant. Appellees filed a Motion for Summary Judgment alleging that Appellants had failed to comply with 51 O.S. 1981 § 156(B)[1] of the Political Subdivision Tort Claims Act (Act), which requires written notice of any claim within 120 days after the loss. It is undisputed that the first written notice Appellees received was on September 15, 1981, and that the date of the injuries was in early March, 1981. Appellants filed their response to Appellees' Motion for Summary Judgment alleging substantial compliance with § 156(B). The trial court sustained Appellees' Motion for Summary Judgment on the basis that Appellants failed either actually or substantially to give the required statutory notice of a claim. Appellants appeal that decision.

Appellants assert that the trial court erred in sustaining Appellees' Motion for Summary Judgment since substantial questions of fact existed concerning whether Appellants had substantially complied with § 156(B).

Appellant Kelly Joe Maxwell testified that he told the school counselor and the superintendent about the desk incident and that he was "hurt", on the same day such incident occurred. Appellant Gloretta Maxwell, Kelly Joe's mother, testified that she told the school principal about the incident on March 23 or 24, 1981. She also testified that she told the vice president of the school board about the incident some time around Mother's Day of 1981. Kelly Joe's sister testified that she told the school district superintendent "that Kelly was in the hospital and that Mr. Bosler had dumped his desk over on Kelly's knees and messed them up somehow."

Appellants rely on the cases of *Reirdon v. Wilburton Board of Education,* 611 P.2d 239 (Okl.1980) and *Duesterhaus v. City of Edmond,* 634 P.2d 720 (Okl.1981) in support of their contention that they substantially complied with § 156(B). We find, however, that these two cases are distinguishable from the case presently before us. Both *Reirdon* and *Duesterhaus* stand for the proposition that strict compliance with the notice provisions of the Act is not required where the governing body has not been prejudiced. In *Reirdon,* the Court stated:

The object of the statute must be kept in mind, and it should not be given a construction which will defeat the ends of justice. Statutory notice is intended to give the defendant notice concerning the claim of injury at an early date to enable it an opportunity to prepare a defense.

In *Duesterhaus,* the Court stated:

Actual notice to a superintendent, foreman, or manager will excuse the failure to give timely formal notice where the employer has not been prejudiced.... The purposes of the notice provisions of the act are to further legitimate municipal interests by promoting prompt investigation; providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims; and to prepare to meet possible fiscal liabilities.

In *Reirdon,* notice was approved on the basis that approximately thirty days after the injury, the injured child's mother's lawyer mailed a letter to the school teacher, claiming that he had negligently administered corporal punishment to her son and that she intended to file suit against him and the Wilburton School Board because of her son's injuries. A copy of the letter was sent to the president of the Wilburton School Board and this letter was discussed in a board meeting.

Notice was approved in *Duesterhaus* on the basis that the municipal counselor had been notified of the loss and claim shortly after it occurred and had engaged in settle-

---

1. 51 O.S. 1981 § 156(B) is as follows:
   "B. A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs."

ment negotiations with the plaintiff. In the cause now before the Court, there was no actual notice of a *claim* for monetary redress as a result of the desk incident until written notice was received by Appellees on September 15, 1981, some five and one-half months after the incident. Making a written claim for relief to a school board by letter, as in *Reirdon,* and an oral claim for relief to a city's municipal counselor, as in *Duesterhaus,* both shortly after a loss or injury occurs, is clearly distinguishable from oral statements by Appellants that a particular incident occurred which "hurt" Appellant. We hold that in this case there has not been substantial compliance with the notice provision. Although school officials may have had actual knowledge of the injury, such knowledge was not notice of a *claim* for monetary relief as a result of the desk incident and thus denied the school district the opportunity to promptly investigate and quickly settle the claim, if meritorious.

Two recent decisions support our conclusion. *Johns v. Wynnewood School Board of Education,* 656 P.2d 248 (Okl.1982) involved a certified question from the United States District Court for the Western District of Oklahoma. The certified question dealt with whether the time limitations of § 156 applied to a minor. In the discussion of the case, the Supreme Court noted that the federal trial court had ruled "that the fact the School Board was aware of the injury did not supplant the formal notice provisions of the Act inasmuch as actual knowledge of the injury inflicted was not notice in and of itself that the injured parties intended to seek monetary redress as a result of the incident." While the Supreme Court did not uphold or comment upon the federal trial court's ruling, we are persuaded by, and are in agreement with, its ruling. The Supreme Court in *Graves v. Willard Rose, Independent District # 80 and State Farm Mutual Automobile Ins. Co.,* 54 O.B.J. (Vol. 54—No. 19) 1278 further interpreted the notice provisions of the Act.

In *Graves,* the Appellant claimed substantial compliance with the notice provision because an accident report was filed and the school was notified of a traffic collision. The Court distinguished notice of the accident from a claim for relief and affirmed the trial court's sustention of a Motion for Summary Judgment. The Court said:

> In this regard, notice of the claim for relief must be distinguished from the notice of a traffic collision (or other tort). There is no showing made of actual knowledge to a managerial party of the *claim* asserted here....

In the present case, notice of the desk incident and injury caused thereby can also be distinguished from notice of a *claim* for monetary compensation as a result of the incident.

Viewing all inferences and conclusions to be drawn from the underlying facts contained in the evidentiary materials attached to Appellees Motion for Summary Judgment in a light most favorable to Appellants, as this Court must do in ruling on a Motion for Summary Judgment, we find that there is no substantial controversy as to a material fact that any act on behalf of the Appellants constituted "notice of a claim for relief", i.e. that any act of Appellants substantially complied with § 156(B) of the Act and, therefore, the Appellees' Motion for Summary Judgment was properly sustained by the trial court. *Runyon v. Reid,* 510 P.2d 943 (Okl.1973); *Weaver v. Pryor Jeffersonian,* 569 P.2d 967 (Okl.1977).

AFFIRMED.

REYNOLDS, P.J., and YOUNG, J., concur.