Barbara LUCAS, Appellant,

v.

**INDEPENDENT PUBLIC SCHOOL DISTRICT NUMBER 35 OF HOLDENVILLE, Hughes County, Oklahoma, and Earlene Marsh, Appellees.**

**No. 57649.**

Supreme Court of Oklahoma.

Dec. 20, 1983.

Carl Hughes, William E. Liebel, Hughes, Nelson & Gassaway, Oklahoma City, for appellant.

Austin R. Deaton, Jr., Deaton, Gassaway & Davison, Inc., Ada, for appellees.

WILSON, Justice.

This appeal arises from the District Court's sustention of a demurrer and dismissal of appellant-plaintiff's petition in a negligence action brought under the Political Subdivision Tort Claims Act found at 51 O.S.1981, § 151, et seq. The petition was dismissed for failure to allege facts sufficient to show compliance with the requirement of 51 O.S. § 156. In an unpublished opinion, the Court of Appeals, Division No. 1, affirmed the trial court and held that there had been no substantial compliance with the requirement that notice of the claim be given to the political subdivision within one hundred twenty days pursuant to Section 156(C), supra. We vacate that opinion and substitute the following opinion in lieu thereof.

The appellant alleged in her second-amended petition that she had suffered injuries in a collision with a school bus negligently driven by an employee of the appellee school district on January 15, 1979. She avers that immediately following the accident, the bus driver, Earlene Marsh, radioed her supervisors, who arrived at the scene after calling an ambulance. Appellant further alleged that she was in "substantial compliance" with Section 156 by virtue of her having given a written statement to the defendant's insurance claims manager on January 22, 1979; by her attorney's telephone conversation and written correspondence on April 10, 1979, and April 12, 1979, respectively with the appellee's superintendent regarding the school's liability insurance; and by having filed a complaint in federal district court on May 25, 1979, naming the school district's insurer as the defendant.[1]

The appellant also alleged that from the time of the accident until January 29, 1979, she was incapacitated. She contends that under the authority of the last sentence of Section 156(C), supra, the running of the one hundred twenty day-period in which notice had to have been given to the school district was therefore tolled until she regained capacity. The pertinent portions of Section 156 provide:

B. A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs.

C. The written notice of claim shall state the time, place and circumstances of the claim and the amount of compensation or other relief demanded. Failure the state either the time, place, circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information within ninety (90) days after demand by the political subdivision. No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision. The time for giving written notice of claim does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity.

It is undisputed that appellant failed to give the "clerk of the governing body" written notice within one hundred twenty days after the injury occurred. The question raised is whether the facts and circumstances alleged amounted to substantial compliance.

■ The Court of Appeals observed in its opinion that with regard to the communica-

---

1. The complaint filed in federal district court was dismissed for lack of diversity.

tions between the appellant's counsel and the appellee's superintendent concerning the location of copies of insurance policies covering appellee's vehicles, counsel did not reveal in the letter written April 12 his client's identity nor the incident prompting his inquiry. There is no indication on the record, however, of what was communicated to the appellee's superintendent during the telephone conversation of April 10. That aside, substantial compliance with the notice provisions was accomplished when the appellant gave her written statement of the accident to the school district's insurance carrier on January 22, 1979. The running of the one-hundred twenty-day period therefore need not have been tolled on account of incapacity which the appellant argued was removed on January 29, 1979.

The view that notice to the insurance agent constitutes substantial compliance is in accord with our recent decision of *Conway v. Ohio Casualty Ins. et al.,* 669 P.2d 766 (Okl.1983). We reiterate that the notice to the insurance carrier is not an authorized procedure under the Act, but with respect to the purposes sought to be accomplished under the notice provisions, the appellee was not prejudiced by the manner of imparting notice.

■ Notwithstanding substantial compliance with the notice of claim provisions, appellant's claim is barred by the limitation of actions provided in Section 156(C), *supra,* which in relevant part states: "No action for any cause arising under this act shall be maintained unless valid notice has been given and *the action is commenced within six (6) months after notification of the denial of the claim* by the clerk of the political subdivision." *(Emphasis added.)* [2] Appellant did not commence her action until June 26, 1980. Although it is alleged in appellant's second-amended petition that "De-

fendants" filed an answer to the federal court action, there is no allegation in the petition asserting that appellant's June 26, 1980, filing of her lawsuit was within one year of the dismissal of the federal court action so that tolling under 12 O.S.1981, § 100, would come into consideration. A plaintiff has the burden of bringing himself within the ambit of Section 100 to benefit from this saving clause. *Owens v. Luckett,* 192 Okl. 685, 139 P.2d 806 (1943).

Under 51 O.S. § 157, a claim is deemed denied if after ninety days after receiving the claim the political subdivision fails to approve the claim. That section provides:

Within ninety (90) days after receiving the filing of a claim, the clerk of the political subdivision shall notify the claimant in writing of the approval or denial of the claim. A claim is denied if the political subdivision fails to approve the claim in its entierty within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against a political subdivision or employee whose conduct gave rise to the claim unless the claim has been denied in whole or in part.

There appears on the record no approval of the claim, therefore it was deemed denied ninety days from the date of notice, *i.e.,* April 22, 1979. Where a claim is deemed denied, the six-month limitation of Section 156(C) is activated. This is the reasonable construction of the statute despite that section's language, "and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision." If read literally, this phrase would make the running of the six-months limitation contingent upon the clerk actually giving notice of denial of the claim. If literal construc-

---

**2.** The statute of limitations issue was not addressed in the briefs. However, the appellee-defendant demurred to the petition on two grounds: (1) failure to state facts sufficient to constitute a cause of action, and (2) failure to state facts to invoke subject matter jurisdiction. With respect to the first ground, it has long-been held that a general demurrer raises

the defense of limitations where the petition shows on its face that the cause is barred by limitations. *Howard v. Jeffrey,* 268 P.2d 897 (Okl.1954). Here we have held that the appellant did allege sufficient jurisdictional facts, however, since the sustention of the demurrer was proper under the first ground, the order should be affirmed on appeal.

tion were to be given this phrase, plaintiffs who had received notice of denial would be discriminated against because they would have the burden of commencing action within the shorter six-month statute of limitations, while the plaintiffs who had not received notice of denial would not have the shorter statute of limitations operate against them until at least arguably the clerk had given notice of denial of the claim. In effect, the second group of plaintiffs would be given a longer period of time before which they would have to prosecute their suits. We do not believe that the Legislature in enacting these provisions intended that plaintiffs so situated receive such different treatment.

Therefore, giving the statute a reasonable and sensible construction, *see, Udall v. Udall,* 613 P.2d 742 (Okl.1980), we hold that from the day the claim was deemed denied, the six-month limitation of Section 156(C) was activated. The filing of the petition in the District Court of Hughes County occurred well outside the applicable statute of limitations.

The appellant's claim being barred by the statute of limitations, the order of the District Court dismissing the suit is affirmed. For the reasons discussed, the decision of the Court of Appeals is vacated.

BARNES, C.J., and LAVENDER, DOOLIN and OPALA, JJ., concur.

SIMMS, V.C.J., concurs in part, dissents in part.

HODGES, J., concurs in result.

HARGRAVE, J., dissents.

HARGRAVE, Justice, dissenting.

It is true that notice provisions of the Political Subdivision Tort Claims Act may be satisfied without strict compliance with the act's provisions therefor. *Duesterhaus v. City of Edmond,* 634 P.2d 720 (Okl.1981). In implementing this holding, it need be remembered strict compliance with 51 O.S. 1981 § 156 requires written notice of claim filed with the clerk of the governing body of the political subdivision within specified time limits. Under *Duesterhaus,* actual notice to a superintendent, foreman or manager will suffice where no prejudice results. Notice to non-managerial personnel is insufficient. (Bus driver) *Graves v. Rose, et al.,* 663 P.2d 733 (Okl.1983). Similarly, *Graves* states notice of a claim for relief is not the same as notice of an injury.

Verbal notification to an insurance agent is not substantial compliance with the act. It is notice to a third party under little or no formal duty to transmit that information to the clerk of the government body. Secondly, the notice here validated is notice of an injury, not claim for relief.

The majority opinion admits this procedure is not authorized by statute, but states it serves the purposes sought to be accomplished by the act. I respectfully disagree with this statement. *Duesterhaus* states notice is required to facilitate correction of dangerous conditions, to allow financial planning to meet fiscal liabilities, and for speedy settlement. Patently, the notice here approved to an insurance agent serves only one of these three purposes—settlement.

The Legislature has provided a comprehensive plan for recovery of claims from political subdivisions. The notice here approved varies so greatly from that provided by the Legislature that it should not be held to substantially comply with the act.

I therefore dissent.