Bob L. MANSELL, Appellant,

v.

CITY OF LAWTON, Appellee.

No. 82589.

Supreme Court of Oklahoma.

July 18, 1995.

Steven S. Mansell, Lawton, for appellant.

John H. Vincent, Jr., Lawton, for appellee.

KAUGER, Vice Chief Justice:

■ The issue presented is whether the owner's notice of claim for damages presented to the City of Lawton under the Governmental Tort Claims Act (the Act), 51 O.S. 1991 § 156(E)[1] was valid despite the City's request for additional information. We find that it was.[2]

## FACTS

In January of 1991, the appellant, Bob L. Mansell (Mansell/the owner) bought some apartments in Lawton, Oklahoma. Mansell alleged that these apartments were damaged by periodic major sewage overflows which occurred sometime between the time he purchased the properties in 1991, and February or March of 1993.

The owner argues that the appellee, the City of Lawton (the City) was responsible for maintaining the sewer line which damaged his apartments, and that it did not properly do so. He asserts that: 1) as a result of the City's failure to maintain the line, he suffered continuous sewage problems and damage to his property; 2) he contacted city officials on six separate occasions regarding the sewage overflows; 3) the City denied responsibility for the sewer line, contending that the line was never dedicated; 4) he provided documentation in March of 1993, to the City's director of public works which proved the sewer line had been dedicated and accepted by the City in 1970; 5) the director verified with the City Clerk's office that the City was responsible for the sewer line; 6) the City has since begun to maintain the line; and 7) consequently, Mansell no longer has any sewer problems.[3]

On April 12, 1993, Mansell wrote to the City Clerk of Lawton, notifying the City that his apartments were damaged by raw sewage overflows from the sewer line. The notice informed the City of: 1) an alleged claim for damages under the Act resulting from an injury resulting from a continuous sewer line problem dating from January of 1991 to March of 1993; 2) the precise location of the sewer line; 3) the circumstances surrounding

1. Title 51 O.S.1991 § 156(E) provides in pertinent part:

   "The written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, and the name, address and telephone number of any agent authorized to settle the claim. **Failure to state either the date, time, place and circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision....**" (Emphasis supplied.).
   Section 156 was amended in 1992; however, the relevant portions of this subsection remain unaltered.

2. The City of Lawton asserts that Mansell did not meet the requirements of 12 O.S.1991 § 2009(C) because: 1) he failed to plead that he met the conditions precedent to filing suit under the Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq.; and 2) no valid notice had been filed with

it. We find this argument unpersuasive. Here, the owner presented valid notice because he substantially complied with the notice provisions of the Act. The petition must factually allege either actual or substantial compliance with the notice provisions of the Act. *Willborn v. City of Tulsa*, 721 P.2d 803, 805 (Okla.1986). Mansell's petition alleged that he made requests to the City to clean out the sewer line; the requests were denied until recently in April of 1993; he gave the City notice on April 12, 1993; and his claim was deemed denied by operation of law.

3. The owner presented two letters dated March 26, 1970, and May 22, 1970, which refer to the City's permits and plans for the sewer line as evidence that the City has owned the line since the 1970's. The City asserts that the original plat which included the sewer line at issue here was vacated by the City Council on April 21, 1970, and that a replat of the addition was approved on the same day. The City contends that the replat only shows one sewer line owned by the City which is not the line at issue here. The City provided an affidavit of the City Clerk of Lawton which states that the official files and records of the City do not reveal whether the sewer line was ever offered by the developer to be dedicated.

the claim; and 4) the amount of damages alleged.[4]

On May 4, 1993, the City answered Mansell's letter acknowledging receipt of the claim, and requesting the specific dates of each sewage overflow as well as other information.[5] Mansell's attorney responded to the City's letter on July 22, 1993, providing greater details about the damages incurred, and informing the City that: 1) he and his client were attempting to identify the precise dates of every sewage overflow; and 2) they hoped to have the requested information within 30 days.[6]

On August 5, 1993, Mansell filed a lawsuit against the City claiming $17,800.00 in damages. The City moved to dismiss, asserting that the owner's notice was invalid pursuant to 51 O.S.1981 § 156(E) [7] of the Governmental Tort Claims Act. On October 15, 1993, the trial court granted the City's motion.[8] The Court of Appeals affirmed, and we granted certiorari on May 2, 1995.

4. The April 12th letter was addressed to the Mayor and City Clerk of Lawton and it informed the City: 1) of the location of the sewer line which allegedly backed up; 2) that Mansell claimed damages pursuant to the Governmental Tort Claims Act; 3) that Mansell had to clean out the sewer line on six different occasions because of major blockages in the line; and 4) that each time the sewer line stopped up sewage would back up into his apartments, causing raw sewage to flood them. The letter also explained that Mansell had to spend time and money cleaning and replacing carpets, and that he had to incur further expense in attempting to clear the sewer line that the City should have been maintaining. Mansell also itemized the damages he allegedly suffered which included: 1) carpet replacement in 15 apartments at $650.00 per apartment; 2) $3,500.00 in lost rent; 3) $3,600.00 for labor to clean carpet; and 4) $1,000.00 to clean the sewer line. The alleged damages totaled $17,850.00.

5. The letter requested: 1) the specific dates of each sewage backflow; 2) the specific amount of damages suffered on each date; 3) the location of each of the allegedly damaged apartments within the complex; 4) an itemization of damage by date; 5) the age of the carpets at the time they were replaced; 6) a copy of the invoices for each carpet installation; 7) the method used for calculating lost rent; 8) invoices for cleaning the carpets or if not available, the date they were cleaned; 9) that Mansell explain and provide copies of invoices for the labor used in cleaning the sewer lines; 10) that Mansell explain why cleaning the sewer line was necessary when the City had crews that maintain sewer lines; and

**UNDER THE FACTS PRESENTED, THE ORIGINAL INFORMATION PROVIDED TO THE CITY WAS VALID NOTICE UNDER 51 O.S.1991 § 156(E). THE CITY'S SUBSEQUENT REQUEST FOR INFORMATION DID NOT EXTEND THE 90–DAY PERIOD FOR DETERMINATION OF THE CLAIM'S VALIDITY. HOWEVER, NOTICE OF A CLAIM MUST BE PRESENTED WITHIN ONE YEAR AFTER LOSS OCCURS.**

The owner argues that the trial court erred in dismissing his suit because his notice substantially complied with the notice provisions of 51 O.S.1991 § 156(E).[9] The City counters that the owner's notice of claim is invalid under § 156(E) because: 1) it was deficient and inadequate; and 2) his refusal to provide additional information within the 90–day period of 51 O.S.1991 § 157,[10] resulted in his claim being untimely.

11) whether, and by what means was the City notified of the sewer blockages.

6. The July 22 letter informed the City that the letter was a preliminary response to the request for additional information and it also informed the City: 1) of the exact details of how the sewer overflows damaged each apartment; and 2) that an itemization of damages and invoices for cleaning the carpets would be provided.

7. Title 51 O.S.1991 § 156(E), see note 1, supra.

8. The timeliness of this appeal was decided by this Court in *Mansell v. City of Lawton*, 877 P.2d 1120 (1994).

9. Title 51 O.S.1991 § 156(E), see note 1, supra.

10. Title 51 O.S.1991 § 157 provides in pertinent part:

"A. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial...."

Subsection B of § 157 provides that an action must be brought within 180 days after denial of the claim. Section 157 was amended in 1994. The current version requires the state to notify a

Pursuant to 51 O.S.1991 § 156(E), notice of a claim must include "the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of any agent authorized to settle the claim." [11] Nevertheless, the statute provides that "failure to state either the **date, time, place, and circumstances and amount of compensation demanded shall not invalidate notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision.**" [12] (Emphasis supplied.).

■ This Court has consistently held substantial compliance with the notice provisions of the Act is sufficient when the political subdivision is not prejudiced, and the provided information satisfies the purposes of the statutory notice requirement.[13] These purposes include: 1) prompt investigation of the claim; 2) opportunity to repair any dangerous condition; 3) quick and amicable settlement of meritorious claims; and 4) fiscal planning to meet any possible liability.[14]

■ Whether a claimant substantially complies with the notice provisions of the Act, depends upon the facts of each case. Here, the notice omitted the precise date of each specific occasion the sewer overflowed. However, we find that the dates given were sufficient to satisfy the purposes underlying the notice requirements. Accordingly, Mansell's notice substantially complied with the notice provisions of § 156(E).[15]

■ We also find that the City was not prejudiced by the notice given to the extent that Mansell's claim should be dismissed altogether.[16] However, the Governmental Tort Claims Act clearly requires notice and commencement of an action within prescribed statutory time limits.[17] Under the Act, notice of a claim must be presented within one year after the loss occurs in order for a claim to be timely.[18]

■ The City asserts that it was prejudiced because it could not determine whether

claimant within 5 days of an approval or denial of a claim. If the 5 day notice requirement is not met, the expiration period of 180 days does not run until 90 days after notice is filed.

11. Title 51 O.S.1991 § 156(E), see note 1, supra.

12. *Id.*

13. See, *Juvenal v. Okeene Public Schools,* 878 P.2d 1026, 1029 (Okla.1994) (Notice of claim given to a city sufficiently apprised a public trust of the claim to constitute substantial compliance.); *Walker v. City of Moore,* 836 P.2d 1289, 1293 (Okla.1992) (Husband's notice of claim complied substantially with the Act sufficient to preserve wife's claim for damages.); *Lucas v. Indep. Public School Dist. No. 35 of Holdenville,* 674 P.2d 1131, 1133 (Okla.1983) (Written notice to insurance carrier within one week of accident constitutes substantial compliance where school district was not prejudiced by the notice which was given.); *Conway v. Ohio Casualty Ins. Co.,* 669 P.2d 766, 767 (Okla.1983) (A notice of claim to insurance carrier of governmental entity was sufficient under the Act.); *Graves v. Rose,* 663 P.2d 733, 734 (Okla.1983) (Notice by filing suit two years after date of injury was untimely and insufficient notice.); *Duesterhaus v. City of Edmond,* 634 P.2d 720, 722–23 (Okla.1981) (Verbal notice to city's attorney who engaged in settlement negotiations with the claimant substantially complied with the notice requirements.); *Reirdon v. Wilburton Bd. of Educ.,* 611 P.2d 239, 241 (Okla.1980) (Notice to teacher and school board

instead of statutorily required clerk of school board was sufficient.).

14. *Juvenal v. Okeene Public Schools,* see note 13, supra; *Conway v. Ohio Cas. Ins. Co.,* see note 13, supra; *Reirdon v. Wilburton Bd. of Education,* see note 13, supra.

15. Title 51 O.S.1991 § 156(E), see note 1, supra.

16. The City asserts that it was prejudiced because the provided information was insufficient to enable it to conduct a proper investigation. The owner contends that the City is estopped from asserting that the action was not timely brought. The record does not support an estoppel argument. See, *Jarvis v. City of Stillwater,* 732 P.2d 470, 473 (Okla.1987). The notice provided the City with sufficient information to investigate the claim. It is clear from the City's brief that it has investigated the claim.

17. *Gurley v. Memorial Hosp. of Guymon,* 770 P.2d 573, 576 (Okla.1989); *Jarvis v. City of Stillwater,* see note 16, supra; *Johns v. Wynnewood School Bd. of Educ.,* 656 P.2d 248, 249–50 (Okla. 1982).

18. See, Title 51 O.S.1991 § 156(B) which bars a claim against the state or a political subdivision unless notice is presented within one (1) year after the loss occurs.

the owner timely presented notice within one year of loss. Whether Mansell's negligence claim was timely depends upon issues of material fact which have yet to be developed in the trial court. It is clear from Mansell's allegations that at least some of the damage caused by the sewer overflows occurred within one year prior to Mansell's filing of his notice of claim with the City. However, it is equally as clear that some of the damage may have occurred outside the year prior to Mansell's presentation of notice. The owner's lawsuit against the City was dismissed before the issue of material fact regarding the nature of the loss suffered was established. Consequently, we express no opinion on the nature of the loss suffered.[19]

■ Under the City's construction of § 156(E), the owner's notice was invalid because he failed to respond to its request for the information before the expiration of the 90–day period allowed by 51 O.S.1991 § 157 for approving or denying claims.[20] Although

§ 157 clearly allows a governmental entity 90 days after it is notified of a claim to either approve, deny or settle the claim,[21] it does not specifically delineate a time limit in which a claimant must respond to a request for information.[22]

■ After a valid notice of claim has been presented and the claim has been denied, a claimant has 180 days to commence a lawsuit.[23] If a claim is neither denied, approved nor settled prior to the 90 days after notice is filed, the claim is deemed denied by operation of law and the limitation period begins to run.[24] A request for additional information does not toll the statute of limitations.[25]

## CONCLUSION

If, as here, a claimant substantially complies with the notice requirements of the Act, in the absence of prejudice to the political subdivision, a claim will not be dismissed for

19. The timeliness of the present action depends on the nature of the injury. Mansell alleged that the sewer backups caused continuous problems throughout a two-year period sometime between 1991 and 1993. The record does not disprove that the sewer problems were not continuous. The loss may have been continuous and the owner's action was timely. However, each time the sewer overflowed a new cause of action may have arisen. Under these circumstances some of the owner's claim for damages may be untimely. Recently, in *Marshall v. Fenton*, 899 P.2d 621, 623, 66 O.B.J. 2156, 2157–58 (1995), we recognized that a negligence action accrues "from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of," and when "the plaintiff has suffered damages." (citations omitted.).

20. Title 51 O.S.1991 § 157, see note 10, supra.

21. Title 51 O.S.1991 § 157, see note 10, supra; *Neal v. City of Blackwell*, 670 P.2d 587, 588 (Okla.1983); *Lucas v. Indep. Public School Dist. No. 35 of Holdenville*, see note 13, supra; See also, *Whitley v. Oologah S.D. I–4 of Rogers County*, 741 P.2d 455, 456 (Okla.1987).

22. The notice requirements originally included in 51 O.S.Supp.1978 § 156(C), when the statute was enacted as part of the Political Subdivision Tort Claims Act, provided that a claim was not invalidated "**unless the claimant declines or refuses to furnish such information within ninety (90) days after demand by the political subdivision.**" (Emphasis supplied.). However the lan-

guage allowing a claimant 90 days to respond to the request for information was removed from the statute in 1984. See, 51 O.S.Supp.1984 § 156, which became effective in October of 1985.

23. Title 51 O.S.1991 § 157(B), see note 10, supra.

24. Title 51 O.S.1991 § 157, see note 10, supra. *Trent v. Bd. of County Com'rs*, 755 P.2d 615, 617–618 (Okla.1988); See also, *Neal v. Blackwell*, see note 21, supra; *Lucas v. Indep. Public School Dist. No. 35 of Holdenville*, see note 13, supra. But see, *Trent v. Bd. of County Com'rs*, supra, and *Doe v. Indep. School Dist. No. I–89*, 780 P.2d 659, 662 (Okla.1988) (Dissenting opinions which discuss, under prior versions of the statutes which have been amended, the possibility of tolling the 90–day period based on a governmental entity's actions.).

25. *Doe v. Indep. School Dist. No. I–89*, see note 24, supra (Recognizing that the language of § 156 regarding the request for additional information after notice is filed concerns the adequacy of the notice given, not the limitation period for bringing an action.); See also, *Trent v. Bd. of County Com'rs*, see note 24, supra (Noting that the apparent purpose of this 90 day limit on a political subdivision to either approve or deny a claim is for the benefit of plaintiffs. A political subdivision cannot needlessly delay the filing of a claim by a plaintiff in district court beyond 90 days.).

invalid notice.[26] Pursuant to § 156(E),[27] a political subdivision may seek additional information regarding a claim. However, it may not extend the 90–day period for determination of the claim's validity.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED.**

ALMA WILSON, C.J., and HODGES, LAVENDER, SIMMS, SUMMERS and WATT, JJ., concur.

HARGRAVE, Justice, dissenting.

I would deny certiorari.

**26.** *Juvenal v. Okeene Public Schools*, see note 13, supra; *Walker v. City of Moore*, see note 13, supra; *Lucas v. Ind. Public School Dist. No. 35, of Holdenville*, see note 13, supra; *Conway v. Ohio Casualty Ins. Co.*, see note 13, supra; *Graves v. Rose*, see note 13, supra; *Duesterhaus v. City of Edmond*, see note 13, supra; *Reirdon v. Wilburton Bd. of Educ.*, see note 13, supra.

**27.** Title 51 O.S.1991 § 156(E), see note 1, supra.