Sharon STRONG, individually and as Mother and Next Friend of her minor child April Dearmore, and Shannon Dearmore, Plaintiffs/Appellants,

v.

OKLAHOMA CITY PUBLIC SCHOOLS, INDEPENDENT SCHOOL DISTRICT NO. 89, Defendant/Appellee.

No. 88495.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 14, 1997.

539

Charles A. Adams, Oklahoma City, for Plaintiffs/Appellants.

Alvin R. Wright, Oklahoma City, for Defendant/Appellee.

### *MEMORANDUM OPINION*

CARL B. JONES, Presiding Judge:

Plaintiffs/Appellants sued the Defendant/Appellee school district [School District] under the Governmental Tort Claims Act, 51 O.S.Supp.1994 §§ 151 *et seq.*, for personal injuries and property damage suffered in a collision on January 6, 1995, when, as they alleged in their petition, a school bus which had stopped at an intersection started forward and then suddenly backed up into their car. Appellants first gave written notices of their claims to the school district on July 3, 1995. The claims were deemed denied on October 1, 1995, under § 157(A) of the Act

because they were not approved within ninety days after filing. Appellants filed a second notice of their claims on December 29, 1995, with the clerk of the school board, and commenced this action on May 1, 1996.

School District moved for summary judgment in its favor, arguing that Appellants' suit was time-barred because it was not filed within 180 days after the date their claims were deemed denied. *See* 51 O.S.Supp.1994 § 157(B). The trial court treated the motion as a motion to dismiss, and, as such, granted it.

Appellants argue that the trial court should not have dismissed their suit. They contend that their first notice of claim was defective because they sent it to School District's operations supervisor, and not to "the office of the clerk of the governing body [of the school district]," as required by § 156(D) of the Act. The supervisor's affidavit, attached to School District's motion for summary judgment, shows that she received Appellants' notices of claim and forwarded it to the legal department of the Board of Education. Appellants also asserted that "[o]ut of an abundance of caution and trepidation" they sent their second notice of claims to the clerk of School District on December 29, 1995, and the second notice was received by the clerk on January 2, 1996. Appellants thus contend that School District only received *proper* notice of their claims in January, 1996, and they timely filed suit against School District within 180 days of the "deemed denied" date after the second notice.

School District asserts that literal compliance with § 156(D) was not required, and that Appellants' notice to the district operations supervisor, forwarded to the district's legal department, was sufficient notice to trigger running of statutory time period for consideration of claim and, upon actual or effective denial, the period for commencing legal action.

 This case is unique in that the positions of the parties are reversed from how they normally appear when there is a question of "substantial compliance" with the notice requirement of the tort claims act. Ordinarily, a claimant asserts substantial compliance with the notice requirement after the governmental entity has requested summary adjudication or dismissal of the claim for lack of literal compliance. A considerable body of case law has developed in this state which holds that if the governmental entity is not prejudiced, and the information provided in the notice of claim satisfies the statutory purposes,[1] the claimant has substantially complied with the notice requirement. *See Juvenal ex rel. Juvenal v. Okeene Public Schools*, 878 P.2d 1026, 1029 (Okla.1994) (notice of claim given to city, whose board of trustees oversaw operations of the public works authority, was sufficient notice to the authority); *Lucas v. Independent School Dist. No. 35*, 674 P.2d 1131, 1133 (Okla.1983) (written statement given to insurance claims manager was sufficient compliance with notice of claim provision of Act because school district failed to show any prejudice from noncompliance with express terms of statute); *Conway v. Ohio Casualty Ins. Co.*, 669 P.2d 766, 768 (Okla.1983) (correspondence from claimant's attorney to school district's insurer advising of claim against district substantially complied with notice requirement); *Reirdon v. Wilburton Board of Educ.*, 611 P.2d 239, 241 (Okla.1980) (letter from claimant's attorney to teacher, alleging negligent infliction of corporal punishment, which letter was sent on to president of school board, constituted substantial compliance with notice of claim provision). *But see Graves v. Rose*, 663 P.2d 733, 734–35 (Okla.1983) (filing of vehicle accident report, even combined with actual knowledge of investigating officer, did not amount to notice of claim); *Maxwell v. Independent School Dist. No. 32*, 672 P.2d 1179, 1181 (Okla. App.1983) (oral statements to school counselor, school superintendent, principal, vice-president of school board, and school district superintendent about injuries student

---

1. Timely notice of a claim is required so that the governmental entity may conduct a prompt investigation, has an opportunity to repair any dangerous condition, may quickly and amicably settle a meritorious claim, and may plan its fiscal affairs to take proper account of liability it may incur as a result of the claim. *Mansell v. City of Lawton*, 901 P.2d 826, 830 (Okla.1995).

suffered when teacher overturned desk do not substantially comply with requirement that subdivision should receive notice of claim).

Also, Appellants argue that, even if they missed the deadline for filing suit after their first claims were deemed denied, they still filed proper notice of their claims within one year after the date of the accident, *see* 51 O.S.Supp.1992 § 156(B), and so their lawsuit against School District was timely filed after the second notices were deemed denied.

■ We do not doubt that, had the positions of the parties been reversed, we would say that Appellants had substantially complied with the notice requirement imposed by the Governmental Tort Claims Act when they sent notices of their *claims* [2] to the operations supervisor for School District, which notices were then sent to the school board's legal department. The school board is the "governing body" of School District. 70 O.S.Supp.1993 § 5–101 (independent school districts shall be under the supervision and the administration of their respective boards of education). We should not impose any other rule in this case.

Appellants gave notices of their claims against School District which substantially complied with the purposes of the notice requirement in the tort claims act. Their claims were deemed denied because they were not granted in full within the time allowed by the Act. Appellants failed to file suit within the time allowed after denial of their claims. Appellants do not have the opportunity, either by statute or case law, to refile their claim notices after substantial compliance and have a second chance to timely file suit against the subdivision whose tortious acts they allege caused them injury.

We next consider the Appellants' suggestion that the trial court failed to take proper account of *Bivins v. State ex rel. Oklahoma Memorial Hospital,* 917 P.2d 456 (Okla. 1996). In *Bivins,* the court held that when the Risk Management Division of the Office of Public Affairs—the agency charged with handling claims against the state-run hospital defendant—asked the claimants to supplement their notice of claims by submitting a

report form, the claimants had a legitimate expectation that they would have a new 90–day period for consideration of their claims. *Bivins,* 917 P.2d at 461–62. Appellants in the case *sub judice* said in their response to School District's motion for summary judgment that, after the original claim notice and before re-filing of those claims, the insurance carrier for School District "did in fact request and receive further information with regard to the injuries and the medical treatment received by Plaintiffs." There is nothing in the record which supports that assertion.

■ When a party moves for entry of summary judgment in its favor, and supports the motion with proper evidentiary materials, an adverse party must serve on the movant and file with the trial court a responsive brief with evidentiary materials to show why summary judgment should not be granted. The response to a motion for summary judgment must be supported by "affidavits and other [evidentiary] materials containing facts that would be admissible in evidence ..." Rule 13(b), Rules for District Courts, 12 O.S.Supp. 1993, Ch. 2, App.. Appellants' failure to support their assertion of *Bivins* by reference to evidentiary materials establishing a request for further information on their claim requires us to disregard that point. Indeed, the evidence shows that there was no response whatever to their claim notices.

■ Finally, Appellants complain that the trial court erred by ruling on School District's motion "without conducting a hearing on the merits." This complaint is without merit for two reasons: First, court rules permit the trial court to rule on a motion for summary judgment without *any* hearing. Rule 13(f), Rules for District Courts. Second, there is never a "hearing on the merits" on summary judgment proceedings. The trial court does not weigh the evidence, but merely considers whether, on the basis of the evidentiary materials and arguments presented, one party is entitled to judgment as a matter of law. The written order memorializing the trial court's ruling reflects that there *was* a hearing on the motion, i.e. appearances by counsel for argument. We find no error in this regard.

---

**2.** Notice of claim is different from notice of injury. *See, e.g., Maxwell, ante,* 672 P.2d at 1181.

 That said, we disagree with the trial court's decision to rule on School District's motion for summary judgment as if it were a motion to dismiss. A motion to dismiss for failure to state a claim upon which relief can be granted—the ostensible basis for the trial court's dismissal here—challenges the legal sufficiency of the allegations in the petition. A motion to dismiss on that ground should not be granted unless the allegations of the petition indicate *beyond any doubt* that the claimant can prove no set of facts which would entitle her to relief. *Groce v. Foster*, 880 P.2d 902, 906 (Okla.1994), citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In their petition, Appellants alleged that they had given notice of their claims against School District *on January 2, 1996*. Only by reference to the evidentiary materials attached to School District's motion for summary judgment was it revealed that Appellants had previously given notice of their claims to the district's operations supervisor, which she forwarded to the school board's legal department.

The trial court's judgment in favor of School District, *considered as if rendered on School District's motion for summary judgment*, is affirmed.

AFFIRMED.

ADAMS, C.J., and GARRETT, J., concur.