**Sandra RUFFIN, Appellant,**

v.

**The OKLAHOMA DEPARTMENT OF HUMAN SERVICES, a political subdivision, Appellee,**

and

**Deborah Goodman, Defendant.**

**No. 78645.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 9, 1993.

Certiorari Denied April 27, 1993.

Everett R. Bennett, Jr., Frasier & Frasier, Tulsa, for appellant.

Jonna Geitgey, Asst. Gen. Counsel, Dept. of Human Services, Oklahoma City, for appellee.

**MEMORANDUM OPINION**

BAILEY, Presiding Judge:

Sandra Ruffin (Appellant) seeks review of the Trial Court's order dismissing Appellant's cause of action against The Oklahoma Department of Human Services

(DHS).[1] In this appeal, Appellant asserts the Trial Court erred in holding Appellant's notice of her claim to DHS did not comply with the specific notice provisions of the Oklahoma Governmental Tort Claims Act (Act).[2]

In July 1990, Appellant sent a letter by certified mail, and a facsimile, to the DHS main office asserting a claim against DHS and Defendant Goodman (a DHS employee) alleging certain violations of statute and resulting damage to Appellant. In March 1991, having received no response to her claim, Appellant commenced an action in District Court alleging the same claim, and obtained service on the Attorney General.[3] [DHS moved to dismiss, alleging lack of proper notice of Appellant's claim under the Act.] The Trial Court agreed, finding that although Appellant substantially complied with the notice provisions of the Act, the Act as amended in 1988[4] "does not recognize the doctrine of substantial compliance." Accordingly, the Trial Court dismissed Appellant's cause of action against DHS for failure to specifically comply with the notice provisions of the Act, and Appellant appeals.[5]

In 1986, 51 O.S. § 156(C) provided:

A claim against the state shall be in writing and filed with the Office of the Attorney General. Claimant shall also mail, by certified mail, return receipt requested, a copy of the claim to the administrative head of the state agency or agencies involved and a copy of the claim to the risk management administrator of the purchasing division of the Office of Public Affairs.

In 1988, the Oklahoma Legislature amended this section to require filing of a claim

with the office of the risk management administrator, purchasing division of the Office of Public Affairs who would, in turn, notify the Attorney General and the agency concerned and conduct a "diligent investigation of the validity of the claim."[6] That is, prior to amendment, the statute required the claimant to notify all three entitles beginning with the Attorney General; after the amendment, the claimant must file a claim with the Office of Public Affairs (specifically "the Office of the Risk Management Administrator of the purchasing division of the Office of Public Affairs") and that entity then notifies the other two. However, both versions of the statute require notice to the same three entities: the agency involved, the Office of Public Affairs, and the Attorney General.

In that regard, the manner in which notice is given under the Act is governed by statute, and the statute in effect at the time of the claimant's alleged injury is controlling.[7] Although we commiserate with trial courts which must continuously address the issue of substantial compliance regardless of the applicable statutory provisions, the Supreme Court has recently reiterated its acceptance of and reliance on the doctrine of substantial compliance with the provisions of the Act.[8] In that case, the Court held the omission from the notice of claim of the very identity of the person claiming a derivative loss did not frustrate the purpose underlying the notice requirements of the Act. In restating its views posited in previous cases, the Supreme Court stated:

In *Rierdon* [*v. Wilburton Bd. of Ed.,* 611 P.2d 239], we considered the purposes underlying the notice provisions of the [Act], emphasizing the need to avoid a construction that would defeat the ends

---

1. Appellant initially identified DHS as a political subdivision but later amended her complaint to identify DHS as a state agency.

2. 51 O.S.1991 § 156.

3. In April 1991, Appellant also notified the Office of Public Affairs of Appellant's July 1990 claim letter to DHS and the lawsuit.

4. Specifically, 51 O.S. § 156(C).

5. The Trial Court reserved its ruling on Defendant Goodman's motion to dismiss.

6. 51 O.S.1991 § 156(C).

7. 51 O.S.1991 § 171.

8. *Walker v. City of Moore,* 836 P.2d 1289 (1992) (Citations omitted).

of justice. In *Conway* [*v. Cas. Ins. Co.,* 669 P.2d 766] we said notice is sufficient where the information provided to the governmental entity satisfies the purposes underlying the statutory notice requirements: to promote prompt investigations; to provide early opportunity for correction of dangerous conditions; to promote speedy and amicable settlement of meritorious claims; and, to allow the governmental entity to prepare for possible fiscal liabilities.[9]

In the present case, the Trial Court found Appellant in substantial compliance with the notice provisions of the Act, but found substantial compliance insufficient. However, we find the Oklahoma Supreme Court has held substantial compliance with the provisions of the Act adequate, and we further find nothing in the record to demonstrate DHS was prejudiced by the manner in which notice was given and received or that the purpose underlying the Act's notice requirements were frustrated by the manner of notice. Under these facts and circumstances, we therefore conclude the Trial Court erred in granting DHS's motion to dismiss for lack of specific compliance with the notice provisions of the Act, Appellant (as found by the Trial Court) having substantially complied therewith.

The order of the Trial Court is therefore REVERSED and the cause REMANDED for further proceedings.

HANSEN, C.J., and HUNTER, J., concur.