**Francis WOODROW, Appellant,**

v.

**UNIVERSITY OF OKLAHOMA BOARD OF REGENTS, Appellee.**

**No. 79397.**

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 14, 1993.

Jose Gonzalez, Purcell, for appellant.

Lawrence E. Naifeh, Fred Gipson, Kirk Ockershauser, and Susan Seamans, University of Oklahoma, Office of Legal Counsel, Norman, for appellee.

## OPINION

BAILEY, Judge:

Francis Woodrow (Woodrow) seeks review of an order of the Trial Court denying Woodrow's motion for rehearing by which Woodrow requested reconsideration of the Trial Court's previous order dismissing Woodrow's action for wrongful termination of employment against the University of Oklahoma Board of Regents (Board). Herein, Woodrow asserts substantial compliance with the notice provisions of the Oklahoma Governmental Tort Claims Act (Act), 51 O.S.1991 § 151 et seq., requiring reversal of the Trial Court's finding to the contrary.

On January 21, 1991, Woodrow was fired from her employment at the University of Oklahoma. On April 8, 1991, Woodrow notified Board by letter of her claim for wrongful termination of her employment, and Board received the letter on April 11, 1991.

In December 1991, having no response to her letter, Woodrow commenced the instant action against Board and obtained service of summons only on Board.[1] In her petition, Woodrow claimed she reported embezzlement by her supervisor, resulting in harassment by her Office Manager and ultimately wrongful termination of her employment in contravention of public policy which encourages reporting of wrongdoing.[2]

Board subsequently moved to dismiss, asserting Woodrow's failure to comply with the notice-of-claim provisions of the Act.[3] Woodrow responded, admitting failure to *strictly* comply, but asserted *substantial* compliance, Board having imparted actual notice of the claim to at least one of the statutorily mandated recipients thereof. The Trial Court found Woodrow's notice insufficient and dismissed the case. Woodrow moved for rehearing within ten days,[4] which the Trial Court also denied.

In this appeal, Woodrow again argues substantial compliance with the notice provisions of the Act. Board responds, asserting strict compliance required.

In accord with previous decisions of the Oklahoma Supreme Court, we recently held "substantial compliance with the [notice-of-claims] provisions of the Act adequate," and specifically found notice to only the offending agency constituted substantial compliance with the notice provisions of the Act.[5] In the present case, and although

---

1. Woodrow subsequently served an alias summons on the State Attorney General.

2. *See, Gunn v. Consolidated Rural Water and Sewer Dist. No. 1,* 839 P.2d 1345, 1350–1351 (Okl.1992); *Vannerson v. Bd. of Regents of Univ. of Oklahoma,* 784 P.2d 1053, 1055 (Okl.1989); *Burk v. K–Mart,* 770 P.2d 24, 2x (Okl.1989).

3. Section 156(C) of the Act provides:
   A claim against the state shall be in writing and filed with the Office of the Risk Management Administrator of the Purchasing Division of the Office of Public Affairs who shall immediately notify the Attorney General and the agency concerned and conduct a diligent investigation of the validity of the claim within the time specified for approval or denial of claims by Section 157 of [the Act].....

4. *See,* Rule 1.12(c)(1), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, Ch. 15, App. 2.

5. *Ruffin v. Oklahoma Department of Human Services,* 852 P.2d 793 (Okl.App.1993).

   *See also, Walker v. City of Moore,* 836 P.2d 1289, 1293 (Okl.1992) (Husband's notice of claim in

Woodrow did not give notice of her claim to all entities prescribed by the Act, she nevertheless served notice of her claim on Board, who in turn provided actual notice thereof to the Attorney General, one of the statutorily mandated entities entitled to notice under the Act. Under these facts and circumstances, we discern no prejudice "by the manner in which notice was given and received or that the purpose underlying the Act's notice requirements were frustrated by the manner of notice."[6] We consequently hold Woodrow's notice in substantial compliance with the Act, and sufficient to withstand Board's motion to dismiss.

The orders of the Trial Court denying Woodrow's motion to reconsider and granting Board's motion to dismiss are therefore REVERSED, and the cause REMANDED for further proceedings.

HUNTER, P.J., concurs.

GARRETT, J., dissents.

substantial compliance with the Act sufficient to preserve Wife's claim for damages, notwithstanding Wife's failure to give notice of claim to offending political subdivision); *Lucas v. Ind. Public School Dist. 35 of Holdenville,* 674 P.2d 1131, 1133 (Okl.1983) (written notice to insurance carrier within one week of accident constitutes substantial compliance; school district not prejudiced by notice as was given); *Maxwell v. Ind. School Dist. 32 of Okfuskee County,* 672 P.2d 1179, 1180–1181 (Okl.App.1983) (oral notice to school superintendent and principal of "accident" not notice of "claim"; no substantial compliance with notice requirement); *Conway v. Ohio Casualty Ins. Co.,* 669 P.2d 766, 767 (Okl.1983) (notice of claim to offending entity's insurance carrier held sufficient under the Act); *Graves v. Rose,* 663 P.2d 733, 734 (Okl.1983) (notice by filing of suit almost two years after date of injury held untimely and insufficient under the Act); *Duesterhaus v. City of Edmond,* 634 P.2d 720, 722 (Okl.1981) (verbal notice to City's attorney who later engaged in settlement negotiations with plaintiff substantially complied with notice requirement); *Reirdon v. Wilburton Bd. of Education,* 611 P.2d 239, 240 (Okl. 1980) (notice to school board president instead of school board clerk as prescribed by Act held in substantial compliance).

6.  *Ruffin,* 852 P.2d at 795.