2000 OK CIV APP 131

Denise WALLACE and Stephen Wallace, individually and as husband and wife, Plaintiffs/Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, and State of Oklahoma d/b/a Tulsa County Public Facilities Authority, Defendants/Appellees.

No. 94,382.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 15, 2000.

Certiorari Denied Nov. 7, 2000.

Joseph F. Bufogle, Syma S. Azam, Howard, Widdows, Bufogle & Vaughn, P.C., Tulsa, Oklahoma, for Appellants.

James K. Secrest, II, Bradley A. Jackson, Brian J. Goree, Tulsa, Oklahoma, for Appellees.

JOPLIN, Judge:

¶1 Plaintiffs/Appellants Denise Wallace and Stephen Wallace, individually and as husband and wife (Plaintiffs), seek review of the trial court's order denying their motion to reconsider after the trial court granted summary judgment to Defendants/Appellees Board of County Commissioners of Tulsa County, and State of Oklahoma d/b/a Tulsa County Public Facilities Authority (Defendants) on Plaintiffs' negligence claims. In this accelerated review proceeding,[1] Plaintiffs assert material facts in controversy concerning compliance with the notice provisions of the Oklahoma Governmental Tort Claims Act (Act), 51 O.S. § 151, et seq., §§ 156 and 157, precluding summary judgment for Defendants, and consequent error of the trial court in denying their motion to reconsider.

¶2 On July 11, 1997, Plaintiff Denise suffered personal injuries while using a public conveyance operated by Defendant Tulsa County Public Facilities Authority. On July 15, 1997, Defendants obtained an incident report detailing the facts and circumstances surrounding the occurrence, including a brief description of the incident by both Plaintiff Stephen and the driver of the conveyance, a brief description of the injuries to Plaintiff Denise, and the name of at least one witness. By letter dated July 16, 1997 and addressed to Plaintiff Denise at her home, Defendants' insurance adjustor asked Plaintiff Denise to read, execute and return an authorization for release of her medical records, implicitly, in order to evaluate the claim.

¶3 By letter dated August 11, 1997, Plaintiffs' counsel notified Defendants' insurer that he represented Plaintiffs in the matter, that Plaintiff Denise continued to seek treatment for her injuries, and that upon completion of treatment relevant documentation would be forwarded; with that letter, Plaintiffs' counsel also returned the medical release previously requested. By letter dated September 2, 1997, Defendants' insurer acknowledged counsel's representation of Plaintiffs, and asked for "an opportunity to take a statement or at least discuss the facts of the accident with your client as soon as possible." Defendants' Insurer's claims' file contained entries dated January 15, 1998[2] and February 19, 1998,[3] at least arguably reflecting continued consideration of the claim by Defendants' insurer.

¶4 By letter dated February 20, 1998, Plaintiffs' counsel again wrote Defendants' insurer, specifically setting forth the facts and circumstances surrounding the accident, and submitted additional documentation of the injuries to Plaintiff Denise, including a settlement demand in a sum certain. In March 1998, at the renewed request of Defendants' insurer, Plaintiffs agreed to provide a recorded statement concerning the facts and circumstances surrounding the injury-dealing incident, and after at least one delay, Defendants obtained the recorded statement from Plaintiffs on April 3, 1998.

¶5 On October 19, 1998, Plaintiffs filed their "Petition for Negligence" to commence the instant action against Defendants. Defendants answered, denying negligence, and asserted various defenses, including bar to Plaintiffs' claims by the statute of limitations.

¶6 In March 1999, Defendants filed a motion for summary judgment, presenting evidentiary materials argued to show adequacy of Plaintiffs' August 1997 letter as a notice of claim in substantial compliance with § 156, constructive denial of the claim ninety (90) days later pursuant to § 157(A), and Plaintiffs' commencement of the suit more than one-hundred-eighty (180) days after constructive denial of their claim in violation of § 157(B). *See also, Strong v. Oklahoma City Public Schools, Independent School Dist. No 89,* 1997 OK CIV APP 21, 941 P.2d 538 (1997). Plaintiffs responded, objecting to summary judgment, and presented evidentiary materials argued to show either (1) that Plaintiffs timely commenced the action under

---

1. The matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

2. Estimating the value of the claim "from the limited info [we] have at this time."

3. This entry notes that "[c]lmt atty has not produced any medical" and that the insurer "[s]ent a medical authorization form to [hospital]."

§ 157(B), or (2) that Defendants' conduct, by requesting additional information after receipt of the initial letter from Plaintiffs' counsel in August 1997, "lulled" Plaintiffs "into a sense of security and delay [in] action beyond the statutory period," and gave rise to Plaintiffs' "legitimate expectation" that the original "claim" contained some "deficiency" as to start a new 90–day period for action on the claim upon provision of the additional information, precluding Defendants from asserting the limitations' bar. *Jarvis v. Stillwater,* 1987 OK 5, ¶ 4, 732 P.2d 470, 472–473 (1987); *Bivins v. State of Oklahoma, ex rel. Oklahoma Memorial Hospital,* 1996 OK 5, ¶¶ 10–17, 917 P.2d 456, 462–463 (1996).

¶ 7 On consideration of the materials submitted, the trial court granted summary judgment to Defendants "on the statute of limitations question." Plaintiffs filed a motion to vacate, reconsider and/or clarify, which the trial court denied in all respects.

¶ 8 To recover under the Act, "[a]ny person having a claim against the state or a political subdivision within the scope of [the Act] shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages." 51 O.S. § 156(A). Claims against the state or a political subdivision must be in writing and presented within one (1) year of the date the loss occurs, or such "claim . . . shall be forever barred." 51 O.S. § 156(B), (C).

■ ¶ 9 In this respect, § 156(E) provides in pertinent part:

The written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, and the name, address and telephone number of any agent authorized to settle the claim. Failure to state either the date, time, place and circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision. . . . .

However, strict compliance with the notice of claim provisions of § 156 is not required:

[S]ubstantial compliance with the notice provisions of the Act is sufficient when the political subdivision is not prejudiced, and the provided information satisfies the purposes of the statutory notice requirement. (Footnote omitted.) These purposes include: (1) prompt investigation of the claim; (2) opportunity to repair any dangerous condition; (3) quick and amicable settlement of meritorious claims; and (4) fiscal planning to meet any possible liability. (Footnote omitted.)

*Mansell v. City of Lawton,* 1995 OK 81, ¶ 9, 901 P.2d 826, 830 (1995).

¶ 10 Once the notice of claim is submitted, the Act grants the state ninety (90) days after receipt of the notice of the claim in which to grant or deny the claim. 51 O.S. § 157(A). Under § 157(A), "[a] person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part," and "[a] claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days." If, after proper notice of the claim under § 156, the state actually or constructively denies the claim, the Act authorizes commencement of suit, but the suit must be commenced not more than one-hundred-eighty (180) days after the claim's denial. 51 O.S. § 157(B).

¶ 11 Defendants asserted on summary judgment that the Plaintiffs' August 11, 1997 letter substantially complied with the notice-of-claim provisions of § 156 as to render the claim constructively denied 90 days later under § 157(A), by our calculation, on November 11, 1997. So, said Defendants, because Plaintiffs commenced the instant action more than 180 days later on October 19, 1998, Plaintiffs' action was barred under § 157(B).

¶ 12 Plaintiffs responded, first arguing that the August 1997 letter did not substantially comply with § 156, that the February 1998 letter was intended as the formal notice of claim under § 156 of the Act by the Plaintiffs, and that they timely commenced the action within 180 days after the claim was deemed denied by operation of § 157. Moreover, said Plaintiffs, even if the August 1997

letter indeed constituted an adequate notice of claim under § 156, Defendants' request for additional information, shown by the deposition testimony of Defendants' insurance adjustor to be necessary for proper evaluation of the claim and provided by Plaintiffs within a reasonable time of the request, started a new 90–day period beginning on the date of the provision of the additional requested information for action on their claim under § 157(A), and rendered the suit timely commenced under § 157(B) within 180 days after passage of the new constructive denial period. *Bivins*, 1996 OK 5, ¶¶ 10–17, 917 P.2d at 462–463.

¶ 13 In *Bivins*, the claimant's decedent died on September 23, 1991, and claimant notified the defendant of a wrongful death claim in December 1991. Within an apparently very short time, the defendant requested additional information, which the claimant provided in early January 1992. Claimant subsequently commenced suit on September 17, 1992, but the trial court dismissed the action as untimely commenced within 180 days of the claim's constructive denial under § 157(B).

¶ 14 Citing § 156(E), the Supreme Court first observed that the Act neither permitted nor proscribed a request for additional information by the defendant, but held where a governmental unit so requests additional information after submission of a notice of claim under § 156, a new 90–day period for action on the claim under § 157 arises upon compliance with the request within a reasonable time:

In every public entity's post-notice request for more information dwells its implied declaration that the earlier notice is to be regarded as deficient (or otherwise unfit for consideration) and is hence, at best, to be treated as only an inchoate filing. The mere transmission of such request is patently consistent with the notion that the initial notice's content is viewed as legally clouded. A post-notice request for more complete information can never logically be equated with the government's silence, i.e. with its lack of response which the statute requires to be taken as the claim's denial. (Footnote omitted.) Rather, it must be regarded as clearly incompatible not only with the notion of denial—this so because no rational agency official would press to know more about a patently unmeritorious claim—but also with the initial submission's continued consideration. No prudent person would believe that risk managers will continue to process notice they deem deficient or one they view as having no semblance of validity. In short, an agency's post-notice request to be better informed about the claim at hand negates the efficacy of the earlier notice and eloquently signals an end of the initially triggered cycle of consideration undisturbed by litigation.

The time of the completed submission clearly must be viewed as triggering anew the 90–day bar. A government-declared deficiency in the first notice and the agency's expressed interest in being better informed about the claim erase the time that may have run and invite the transmission of a completed (or consummated) notice. Once a complete submission has been timely effected, both the government and the claimant may reasonably expect to benefit from a full 90–day period prescribed by law for investigation and processing to take place undisturbed by forensic combat. In short, the 90–day bar of suit should be regarded as running from the timely filing of a completed claim's notice made at the government's request, rather than from the earlier receipt of one found deficient or otherwise perceived as unsuitable for processing.

*Bivins*, 1996 OK 5, ¶¶ 11–12, 917 P.2d at 462. The Supreme Court consequently held that where, after filing of a notice of claim, a defendant subject to the Act requests additional information implicitly necessary to properly evaluate the claim, and the claimant provides the requested information within a reasonable time or adequately explains failure to provide the requested information, "the ... provision of the requested post-notice information ... mark[s] the new beginning for the [§ 157(A)] 90–day ... period," and a suit commenced within 180 days of the expiration of the new § 157(A) period is timely under § 157(B). *Bivins*, 1996 OK 5, ¶ 25, 917 P.2d at 466.

¶ 15 In the present case, Plaintiffs' letter of August 11, 1997 to Defendants contains sufficient information for Defendants to ascertain the date, time, and place of the claim, the identity of the agency or agencies involved, the name, address and telephone number of the claimant, and the name, address and telephone number of any agent authorized to settle the claim. 51 O.S. § 157(E). Defendants aver no prejudice from the notice of claim as given undermining the purpose of the Act's notice provision. *Mansell*, 1995 OK 81, ¶ 9, 901 P.2d at 830. The Plaintiffs' failure to set forth a specific monetary claim in the notice is not fatal to the notice's validity. *Hardy v. Bezdicek*, 1999 OK CIV APP 77, ¶ 9, 987 P.2d 426, 428. We consequently hold the August 1997 letter is in substantial compliance with the notice provisions of the Act.

¶ 16 That said, however, it is clear from the record that within days of the accident, Defendants' asked Plaintiff Denise to execute an authorization for release of her medical records, and that Plaintiffs complied with that request in their August 1997 letter notice of claim. Nevertheless, the Defendants' insurers' claims' file also shows that at least as of February 19, 1998, Defendants had not, for reasons unknown, obtained all of the requested medical information from Plaintiff Denise's treating providers.

¶ 17 It is also clear from the record that as early as September 2, 1997, Defendants' insurer asked for a recorded statement from Plaintiffs concerning the facts and circumstances surrounding the incident, according to the deposition testimony of Defendants' insurance adjustor, necessary for a proper evaluation of the claim. However, the record bears out, again for reasons unknown, that Defendants did not obtain that recorded statement from Plaintiffs until April 3, 1998.

While Defendants argue that the Plaintiffs' unexplained delay in providing the requested recorded statement for over seven months after the initial request is patently unreasonable, in the absence of some evidence in the record tending to explain the delay or demonstrating some resulting prejudice, we are unwilling to hold, as a matter of law, that the delay was so unreasonable as to bar the Plaintiffs' commencement of suit, particularly considering Defendants' repeated assertions of no prejudice to them arising from the manner in which Plaintiffs' imparted notice of their claim.

¶ 18 Having so observed, and notwithstanding the validity of Plaintiffs' August 1997 letter notice in substantial compliance with the Act, we consequently hold, pursuant to the teachings of *Bivins*, that upon the Plaintiffs' compliance with the request of Defendants' insurer for a recorded statement on April 3, 1998, and notwithstanding the otherwise unexplained delay in obtaining that statement, a new 90–day period for action on the claim then arose under § 157(A). Plaintiffs' suit, filed within 180 days after expiration of the new 90–day period, was timely commenced under § 157(B).

¶ 19 The order of the trial court denying Plaintiffs' motion to reconsider is therefore REVERSED, and the cause REMANDED for further proceedings.

¶ 20 HANSEN, V.C.J., concurs; ADAMS, J., concurs by reason of stare decisis.