2004 OK CIV APP 67

**Eric POPE, and Anna Pope, Plaintiffs/Appellants,**

v.

**CITY OF WEATHERFORD, Okla., Defendant/Appellee.**

**No. 100,592.**

Court of Civil Appeals of Oklahoma, Division No. 2.

July 27, 2004.

---

Stephen D. Beam, Weatherford, OK, for Plaintiffs/Appellants.

Donna L. Dirickson, Duncan & Dirickson, Weatherford, OK, for Defendant/Appellee.

Opinion by TOM COLBERT, Chief Judge.

¶1 Plaintiffs, Eric and Anna Pope, appeal from the district court's grant of summary judgment in favor of the City of Weatherford (City). The issue on appeal is whether the court erred in concluding that there was no issue of material fact presented on summary judgment such that Plaintiffs' claim is time-barred as a matter of law. Upon review of the summary judgment record and applicable law, we conclude that the trial court erred because inferences required by the uncontested facts preclude a determination as a matter of law. We, therefore, reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Plaintiffs' home is located in City. On November 16, 2002, a sewage line overflowed into their home, causing a substantial amount of property damage. Plaintiffs filed this lawsuit on September 2, 2003, seeking damages arising from that event. City filed a motion for summary judgment, asserting that Plaintiffs' claim was time-barred.

¶3 In support of its motion for summary judgment, City offered a "Notice of Tort Claim" completed by Plaintiffs and dated November 18, 2002. In the form, Plaintiffs described the damage to their house, the carpet, floor, vents, toilets, bath tub, insulation, walls, and crawl space. Where the form requested an amount of damages, they stated, "In process of getting estimates." The

second page of the form was completed by the City Clerk, Tony Davenport, who stated that Plaintiffs picked up the form on November 16th or 17th and filed it on November 18, 2002.[1] City also offered Davenport's affidavit, which reiterated that Plaintiffs had submitted their notice of tort claim on November 18, 2002.

¶ 4 City asserted that Plaintiffs' claim was deemed denied on February 16, 2003, 90 days from November 18, 2002. It further asserted that, under the Governmental Tort Claims Act (GTCA), 51 O.S.2001 & Supp.2003 §§ 151–200, Plaintiffs had 180 days from that date, until August 18, 2003, in which to bring their claim in district court. As Plaintiffs did not file their lawsuit until September 2, 2003, City argued it was time-barred.

¶ 5 In their response, Plaintiffs asserted that they faxed the claim form to City's insurance adjuster on November 20, 2002. They also asserted that they did not submit the amount of monetary damages until June 13, 2003, and that City's insurance adjuster had conducted negotiations with them through July 25, 2003. Plaintiffs asserted that, because City did not receive documentation of their monetary damages until June 13, 2003, their notice of tort claim was not effective until at least that date and was not "deemed denied" until 90 days thereafter.

¶ 6 The trial court granted City's motion for summary judgment, finding that a strict application of the GTCA required a determination that Plaintiffs' claim was not timely. Within ten days, Plaintiffs filed a motion for new hearing, attaching an affidavit averring that City's insurance adjuster had requested the additional information provided in June. The trial court denied the motion for new trial. Plaintiffs now appeal.

### STANDARD OF REVIEW

■ ¶ 7 The trial court's decision on summary judgment is purely legal; whether a party is entitled to judgment as a matter of law because there are no material disputed facts. *Carmichael v. Beller*, 1996 OK 48, ¶ 2,

914 P.2d 1051, 1053. Therefore, our standard of review is de novo. *Id.* Even if the material facts are undisputed, a motion for summary judgment must be denied if a reasonable person could reach a different inference or conclusion from the undisputed facts. *Buckner v. Gen. Motors Corp.*, 1988 OK 73, ¶ 30, 760 P.2d 803, 812. We draw all inferences in favor of the party opposing the motion. *Davis v. Leitner*, 1989 OK 146, ¶ 9, 782 P.2d 924, 926. To withstand appellate scrutiny, a summary judgment must be based on "evidentiary materials [that] as a whole (a) show undisputed facts on some or all material issues and (b) ... support but a single inference in favor of a successful movant's quest for relief." *Gray v. Holman*, 1995 OK 118, ¶ 11, 909 P.2d 776, 781 (emphasis omitted).

### DISCUSSION

■ ¶ 8 To file a lawsuit against a city, a claimant must first file written notice of the claim with the city clerk. 51 O.S.2001 § 156(D). The notice should include "the date, time, place and circumstances of the claim, ... the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, and the name, address and telephone number of any agent authorized to settle the claim." 51 O.S.2001 § 156(E).[2] However, "[f]ailure to state either the date, time, place and circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision." *Id.*

¶ 9 Once a sufficient notice of tort claim is filed, a city has 90 days to act on it. 51 O.S.2001 § 157(A). If the city does not act on the tort claim within 90 days, it is "deemed denied." *Id.* (The claimant has 180 days from the effective date of denial to file a tort action in district court. 51 O.S.2001 § 157(B).) The sole question before this Court is whether the evidentiary materials

---

**1.** We observe that the 16th and 17th of November 2002 fell on Saturday and Sunday, days when City's offices were presumably closed.

**2.** Title 51, section 156, has since been amended, but the amendment has not affected the language applicable here.

presented by the parties on summary judgment—and *all inferences to be drawn from those materials*—lead to the undisputed conclusion that the 90–day period for City to consider Plaintiffs' notice of tort claim began to run on November 18 or 20, 2002, and ran without interruption so that Plaintiffs' claim was "deemed denied" no later than February 18, 2003.[3]

¶ 10 The 90–day limit set forth in section 157(A) can be extended. The statute itself provides that the date of denial can be extended if the city and the claimant agree to the extension in writing. The Supreme Court has also determined that it can be extended by tolling, waiver, or estoppel. *Hathaway v. State ex rel. Med. Research & Tech. Auth.*, 2002 OK 53, n. 9, 49 P.3d 740.

¶ 11 Our decision here is controlled by *Bivins v. State ex rel. Oklahoma Memorial Hospital*, 1996 OK 5, 917 P.2d 456. In *Bivins*, the Supreme Court held that a city's request for additional information can restart the 90–day period. *Id.* at ¶ 14, 917 P.2d at 463. By requesting additional information, the city impliedly declares that the claimant's initial notice of tort claim is insufficient. *Id.* If the claimant responds in a timely fashion, the 90–day period starts over. *Id.*

¶ 12 This case's status as an appeal from a summary judgment mandates our decision. The uncontested facts, and their legal implications, are as follows: First, Plaintiffs filed their notice of tort claim at least by November 20, 2002. Second, Plaintiffs' notice did not include any dollar amount for damages. By itself, that fact did not render the notice ineffective. 51 O.S.2001 § 156(E). Third, City never directly agreed to extend the 90–day period. Fourth, City made no request

for additional information *after* February 16, 2003.

¶ 13 It is this final fact and the inference that we can and must draw from it that requires us to reverse this summary judgment. *See Buckner*, 1988 OK 73, ¶ 30, 760 P.2d at 812. City's adjuster signed a very specific affidavit. In that affidavit, she stated that she did not request any additional information *after February 16, 2003*. She did not, however, say that she never requested any additional information. It is what the adjuster *did not* say that creates the inference that she *did* request additional information *before* February 16, 2003.[4] If the adjuster requested additional information at all, then City impliedly declared that Plaintiffs' initial notice was insufficient, the 90–day period was arrested, and it began running anew when Plaintiffs responded, if they responded in a timely fashion. *See Wallace v. Bd. of County Comm'rs*, 2000 OK CIV APP 131, ¶ 14, 15 P.3d 985, 988.[5]

¶ 14 This creates an issue of fact such that the trial court erred in granting summary judgment. While the material facts are not contested, there is an inference that can and must be drawn from those material facts that City requested additional information from Plaintiffs before the 90–day period expired. If City made such a request, then the 90–day period started over when Plaintiffs responded with the additional information City required. The uncertainty of those events precludes summary judgment at this time.

¶ 15 On remand, the trial court must determine whether City requested additional information and whether Plaintiffs responded in a timely fashion. If both of those questions are answered in the affirmative, then the trial court must determine when Plain-

---

3. Whether the notice was filed on November 18 or 20 is not material, since it does not determine whether Plaintiffs' lawsuit was filed out of time.

4. Plaintiffs have attempted to introduce an affidavit affirmatively stating that City's insurance adjuster did, in fact, request additional information. The affidavit, however, was not presented to the trial court when it was considering the motion for summary judgment. It was, instead, included in Plaintiffs' motion for new hearing and we cannot consider it here. *See Ross v. City*

*of Shawnee*, 1984 OK 43, ¶¶ 8–9, 683 P.2d 535, 536–37.

5. City's reliance on *Mansell v. City of Lawton*, 1995 OK 81, 901 P.2d 826, is misplaced. *Mansell* stated that a political subdivision's request for additional information had no effect on the 90–day period. Section 157 of the GTCA was amended in 1995 and *Mansell's* pronouncement no longer applies. *Cortright v. City of Okla. City*, 1997 OK 158, n. 15, 951 P.2d 93.

tiffs responded, whether it was in June or earlier, in such a fashion as to start the new 90–day period. Of course, the court must then determine whether Plaintiffs' lawsuit was filed within 180 days of the "deemed denied" date or, indeed, if it was filed too soon. *See Hathaway v. State ex rel. Med. Research & Tech. Auth.*, 2002 OK 53, ¶¶ 10– 11, 49 P.3d 740, 743–44.[6]

6. Although there is evidentiary material in the record relevant to the determination of whether Plaintiffs' claim was premature, we cannot make that determination here, as we may not "make first-instance determinations of disputed law or

¶ 16 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

REIF, P.J., and RAPP, J., concur.

fact issues." *Evers v. FSF Overlake Assocs.*, 2003 OK 53, ¶ 18, 77 P.3d 581, 587.