2006 OK CIV APP 126

Sheryl Jo CORN, individually and as Guardian of Bret Allen Corn, an incapacitated person, and as mother and next friend of the minor Plaintiffs, Bret Alan Corn, Jr, Autumn Corn and Jazzaray Corn, Plaintiff/Appellant,

v.

COMANCHE COUNTY MEMORIAL HOSPITAL AUTHORITY, d/b/a Comanche County Memorial Hospital, a public trust, Defendant/Appellee,

and

David Ladden, M.D.; Ronald G. Woodson, M.D., individually; Ronald G. Woodson, M.D., Inc.; Robert Sweeny, M.D.; and R. Nathan Grantham, M.D., Defendants.

No. 102,691.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 24, 2006.

Certiorari Denied Sept. 25, 2006.

James A. Scimeca, Burch & George, Oklahoma City, OK, for Plaintiff/Appellant.

Michael J. Heron, Heron, Sweet, Fox & Trout, P.C., Oklahoma City, OK, for Defendant/Appellee.

Hilton H. Walters, Travis K. Siegel, Rife & Walters, Oklahoma City, OK, for Defendant, David Ladden, M.D.

Inona J. Harness, Pierce, Couch, Hendrickson, Baysinger & Green, Inc., Oklahoma City, OK, for Defendants, Robert Sweeney, M.D., Ronald G. Woodson, M.D., Inc. and individually, and R. Nathan Grantham, M.D.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶ 1 In this negligence action, Plaintiff/Appellant Sheryl Jo Corn, individually and as Guardian of Bret Allen Corn, an incapacitated person and as mother and next friend of the minor plaintiffs, Bret Alan Corn, Jr., Autumn Corn and Jazzaray Corn, appeals from the trial court's grant of summary judgment in favor of Defendant/Appellee Comanche County Memorial Hospital Authority, d/b/a/ Comanche County Memorial Hospital, a Public Trust (Hospital). The parties agree Hospital is a political subdivision under the Governmental Tort Claims Act, 51

O.S.2001 § 151 *et seq.* (the Act). The trial court granted summary judgment on the basis that the undisputed facts established Plaintiff's negligence action was not timely filed within 180 days of the date the claim was deemed denied under the Act. We reverse.

¶ 2 In order to file a lawsuit against a governmental agency, a plaintiff is required to present written notice of the claim within one year of the date of loss. 51 O.S.2001 § 156(A). After a sufficient notice of tort claim is presented, the political subdivision has 90 days to act upon the claim. 51 O.S. 2001 § 157(A). The tort claim is deemed denied if the political subdivision fails to approve the claim in its entirety within ninety (90) days. *See* § 157(A). The 90–day limit may be extended if the political subdivision and the claimant agree in writing, or said period may be extended by tolling, waiver, or estoppel. *Hathaway v. State ex rel. Med. Research & Tech. Auth.*, 2002 OK 53 n. 9, 49 P.3d 740, 743. A plaintiff has 180 days from the effective date of the denial to commence a tort action in district court. *See* § 157(B).

¶ 3 During the period from June 12, 2002 through June 15, 2002, Bret Allen Corn suffered a cardiac arrest resulting in an anoxic brain injury while undergoing aortic valve replacement surgery at Hospital. On June 16, 2003, Plaintiff filed a "Governmental Tort Claim Notice" against Hospital with the Comanche County Clerk. Plaintiff's notice incorrectly identified the year of injury. By a letter dated September 11, 2003, Plaintiff's counsel remitted to the Comanche County Clerk for filing an "Amended Governmental Tort Claim Notice." The amended notice, likewise dated June 16, 2003, repeated *verbatim* the language contained in the original notice, except the year of injury was corrected from 2001 to 2002. Plaintiff's counsel's September 11, 2003 cover letter stated:

> Enclosed please find the amended tort claim notice regarding the above referenced matter. The original notice was delivered to you on June 16, 2003, however, it contained a scrivener's error which incorrectly stated the dates of Mr. Corn's medical treatment were in the year 2001 rather than 2002 which was the actual year of his medical treatment.

¶ 4 This letter and the amended notice were forwarded to Hospital's insurance adjuster, Hospital Casualty Company (Insurance Company). Insurance Company was contractually obligated under its insurance policy with Hospital to investigate the claim, evaluate the allegations and provide a defense in the event litigation was filed. On September 29, 2003, Anita Matson, litigation specialist for the Insurance Company, sent a letter to Plaintiff's counsel advising him that the amended notice had been forwarded to Insurance Company for handling. Matson's letter requested additional information regarding Plaintiff's specific allegation of negligence and expressly stated: "Please be advised that should we not receive the above requested information by December 14, 2003, your clients [*sic* ] claim will be deemed denied." The record reflects Plaintiff's counsel provided Matson with the additional requested information on December 5, 2003.

¶ 5 Plaintiff filed her petition against Hospital for negligence on June 9, 2004. The petition alleged the medical treatment rendered to Bret Corn by Hospital was beneath accepted medical standards and constituted negligence. Hospital moved to dismiss on the basis that Plaintiff's petition was untimely filed under § 157(B). Hospital claimed because Plaintiff provided written notice of her claim on June 16, 2003, and because Hospital took no action on the claim, under § 157(A) Plaintiff's claim was deemed denied on September 15, 2003. Thus, pursuant to § 157(B), Plaintiff's petition should have been filed no later than March 15, 2004 (within 180 days after the claim was deemed denied.) Because Plaintiff failed to file her petition within 180 days of the deemed date of denial, Hospital claimed Plaintiff's petition was untimely.

¶ 6 Plaintiff objected to the motion to dismiss arguing her petition was timely filed under the Act because Hospital's authorized agent (the insurance adjuster) gave Plaintiff a specific date on which her claims would be "deemed denied" and she filed her suit well within 180 days of the designated date. As support, Plaintiff relied upon *Bivins v. State*

*ex rel. Okla. Mem'l Hosp.,* 1996 OK 5, 917 P.2d 456 and *Carswell v. Okla. State Univ.,* 1999 OK 102, 995 P.2d 1118.

¶ 7 Following extensive discovery and the entry of protective orders, the trial court granted judgment to Hospital. The trial court treated Hospital's motion to dismiss as a motion for summary judgment and certified the summary judgment for immediate appeal pursuant to 12 O.S.2001 § 994. Plaintiff appealed. This matter stands submitted without appellate briefs on the trial court record. *See* Rule 13, *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App.

¶ 8 This court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Coop.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

■ ¶ 9 Although Plaintiff has asserted 11 assignments of error, the dispositive question before this Court is whether the 180–day period for Plaintiff to file suit began to run on September 15, 2003 (the statutory denial date) or December 14, 2003 (the date specified by Hospital's insurance adjuster). Considering the evidentiary materials presented by the parties on summary judgment and all inferences to be drawn therefrom, we hold, under the facts of this case, the 180–day period began to run on December 14, 2003, and therefore, Plaintiff's petition, which was filed within 180 days of this date, was timely.

¶ 10 Our decision is controlled by *Carswell.* There, the 90–day period for denying or approving the claim expired October 8, 1997. After the statutory "deemed denial" date, the claimant received a letter dated November 21, 1997 from the University stating the claim was denied "as of the date of this letter." The claimant in *Carswell* filed suit within 180 days of the date of the letter. The University sought to dismiss the case because the suit was filed more than 180 days from the "deemed denial" date. *Carswell* applied equitable grounds and held plaintiff's suit was timely filed. The Court explained that by affirmatively stating the denial date as a date later than the 90th day, the University effectively "created a legitimate expectation that [plaintiff] would have 180–days from the delineated date to file her claim under the Tort Claims Act." *Carswell,* 1999 OK 102 at ¶ 14, 995 P.2d at 1123.

■ ¶ 11 Hospital contended the instant case is distinguishable from *Carswell* because the evidence revealed Hospital's letter (setting forth a later "deemed denial" date) was solely in response to "claimant's initiated submission of additional data," therefore, under *Bivins,* the 90–day period for denying the claim was not extended.

¶ 12 In *Bivins,* the Supreme Court held a city's request for additional information and a claimant's timely response thereto can restart the 90–day period because said request for additional information impliedly declares the claimant's initial notice of tort claim was insufficient. However, since the governmental agency's request for more data is drawn from the government's perceived need for more time to evaluate the claim, *Bivins* expressly excludes "claimant-initiated (voluntary) submission of additional data" from the benefit of its holding. *Bivins,* 1996 OK 5 at ¶ 14, 917 P.2d at 463.

¶ 13 It is apparent from the trial court's comments in the record that it agreed with Hospital's contention. Based on this finding, the trial court relied upon *Bivins* to grant judgment to Hospital as a matter of law. After *de novo* review of the record, we disagree with the trial court's determination that the amended notice was a voluntary submission of additional data. We also find *Bivins* is inapplicable. Contrary to Hospital's allegation, there was no "human tinkering" by Plaintiff with the 90–day statutory period. Neither Plaintiff's counsel's letter, nor the amended notice, submitted additional data. Instead, Plaintiff's counsel's cover let-

ter clearly explained the enclosure was an amended notice to correct the scrivener's error as to the date of injury.

¶ 14 We also find inconsequential Hospital's evidence that the insurance adjuster treated this amended notice as a "new" claim against Hospital unrelated to the original claim. Hospital presented evidence that the insurance adjuster's letter did not intend to extend the original 90–day period for Plaintiff's claim. Instead, Hospital claims, Matson simply calculated a 90–day period for the "new" claim. Even recognizing Matson's mistake, we find the evidence supports Plaintiff's assertion that she and her counsel had no way of knowing the insurance adjuster's letter—which set forth a new "deemed denial" date—was not an extension of the statutory date in Plaintiff's case. Consequently, we agree that Plaintiff and her counsel were "lulled into a sense of false security" that Hospital desired additional time to review Plaintiff's claim. *Bivins* at ¶ 10, 917 P.2d at 461. Therefore, Plaintiff should not be penalized for the insurance adjuster's confusion.

¶ 15 Finally, we reject Hospital's contention that the insurance adjuster was not the proper person to grant an extension of the "deemed denial" date. Although *Lasiter v. City of Moore*, 1990 OK CIV APP 76, 802 P.2d 1292, cited by Hospital, held an insurance agent's earlier denial of a claim did not trigger the 180–day period under § 157, recent case law correctly recognizes a political subdivision's insurance adjuster may be cloaked with the apparent authority to grant extensions of the deemed denial date. *See, e.g., Pope v. City of Weatherford*, 2004 OK CIV APP 67, 96 P.3d 1206; *Wallace v. Bd. of County Comm'rs of Tulsa County*, 2000 OK CIV APP 131, 15 P.3d 985; and *Roller v. City of Harrah*, 1999 OK CIV APP 117, 992 P.2d 921.

¶ 16 We conclude Hospital's conduct created a legitimate expectation that Plaintiff would have 180 days from the specifically delineated date in Hospital's insurance adjuster's letter to file her claim under the Act. Because Plaintiff's suit was filed within 180 days of said date, we hold Hospital's motion to dismiss should have been denied.

¶ 17 For the foregoing reasons, the trial court's judgment in favor of Hospital is reversed and the matter is remanded for further proceedings. Because we find in favor of Plaintiff, we hold it is unnecessary to address the remainder of Plaintiff's assignments of error.

¶ 18 REVERSED AND REMANDED.

HANSEN, J., and JOPLIN, J., concur.