This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              NO. 34,625

**CHRISTOPHER CALLOWAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellant Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant Christopher Calloway appeals from the denial of his motion for presentence confinement credit following his no contest plea convictions for child abuse and negligent use of a deadly weapon. [RP Vol.II/357, 328; DS 2-3] In this

Court's notice of proposed disposition, we proposed to affirm the denial of Defendant's motion. [CN 1, 5] Defendant filed a memorandum in opposition, which we have given due consideration. Remaining unpersuaded, we affirm.

{2}    Defendant continues to argue in his memorandum in opposition that he was out of custody for 655 days, the restrictions on his liberty and his conditions of release during that time were so severe as to subject him to the charge of escape for a violation and that, thus, he should be awarded presentence confinement credit for that time. [RP Vol.II/339-40, 353; MIO 1] Defendant asserts he was subject to the charge of escape, because the possibility of being prosecuted for escape "would create incentives for compliance" with his conditions of release. [MIO 10] We note that under NMSA 1978, Section 31-20-12 (1977),

> [a] person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense.

{3}    In *State v. Fellhauer*, 1997-NMCA-064, ¶ 17, 123 N.M. 476, 943 P.2d 123, this Court held,

> Section 31-20-12 applies to time spent outside a jail, prison or other adult or juvenile correctional facility when (1) a court has entered an order releasing the defendant from a facility but has imposed limitations on the defendant's freedom of movement, OR the defendant is in the actual or constructive custody of state or local law enforcement or correctional officers; and (2) the defendant is punishable for a crime of

escape if there is an unauthorized departure from the place of confinement or other non-compliance with the court's order.

As we pointed out in our notice of proposed disposition, facts indicating a defendant was subject to an escape charge could include the identity of the custodian and the existence of a detention contract or stipulation in which the defendant acknowledged he could be prosecuted for escape for a violation. *Id.* ¶¶ 16, 13, 19. In *State v. Guillen*, 2001-NMCA-079, ¶ 11, 130 N.M. 803, 32 P.3d 812, we discussed the *Fellhauer* requirements and held,

> [A]ny defendant charged with a felony who is released (1) under conditions of house arrest that require the defendant to remain at home except to attend specified events such as treatment, work, or school and (2) pursuant to a community custody release program that holds the defendant liable to a charge of escape under [NMSA 1978, Section 30-22-8.1 (1999) ], is entitled to presentence confinement credit for the time spent in the program.

{4} In *State v. Duhon*, 2005-NMCA-120, 138 N.M. 466, 122 P.3d 50, our most recent discussion of *Fellhauer*, we further refined the requirement of a community custody release program to require only that the release of a defendant be " 'judicially approved' subject to defined procedures and conditions on a case-by-case basis." *Duhon*, 2005-NMCA-120, ¶ 11.

{5} Defendant argues that while he was not subject to a "judicially approved" program, the conditions imposed upon him amounted to an "ad hoc" supervision program. [MIO 14] Defendant points out the following restrictions on his liberty: he

3

was subject to conditions of release for two years; he was released to the custody of his parents, who were implicitly charged with his supervision and the duty to report any violations; he was subject to random urinalysis; he was required to maintain employment; he was not allowed to leave the house between six o'clock in the evening and six o'clock in the morning; he was to be transported by his employer to and from work at eight o'clock in the morning and five o'clock in the evening. [MIO 13-16; RP Vol.I/41, 150] As in his docketing statement, beyond making bare assertions that he was subject to an escape charge for a violation of these conditions of release, rather than some other sanction imposed by the district court, Defendant cites no authority supporting his contention and no citation to evidence in the record indicating Defendant was subject to an escape charge. [MIO 6-17; DS 3] As we noted in our proposed disposition, "[i]t is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted). [CN 4]

{6} As we pointed out in our proposed disposition, Defendant was released to the custody of his parents and, significantly, not to any type of community custody, day reporting, electronic monitoring, day detention, or community tracking program. [CN 4; RP Vol.I/41] Nor does Defendant assert that he either entered into a detention

4

contract or stipulated that he could be subject to escape charges if he violated his conditions of release. [CN 4] Thus, Defendant's release to his parents was not a judicially approved program and was not subject to defined procedures and conditions. We therefore conclude that Defendant's argument is unavailing and decline to expand our case law to award presentence confinement credit based on the circumstances and conditions of Defendant's pretrial release. Accordingly, for the reasons provided above and in our notice, we affirm the district court's denial of Defendant's motion for presentence confinement credit for the time he spent out of custody.

{7}    **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**TIMOTHY L. GARCIA, Judge**